THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID HAYES, Defendant-Appellant.

(No. 69-90; ▮▮▮▮▮▮▮▮▮▮▮

Third District—November 12, 1970.

Joseph F. Fackel, of Moline, for appellant.

Robert Schearer, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant in this cause, David Hayes, was found guilty by a jury of the crime of Unlawful Use of Weapons. After his conviction by the jury, defendant's petition for probation was denied. Thereafter, defendant was sentenced to Illinois State Penitentiary for a term of three to five years.

In a separate indictment, in a companion case, Roger Lomas was also charged with unlawful use of weapons and with possession of narcotics. Lomas pleaded guilty to both counts and also sought probation. Probation was denied and Lomas was sentenced to the Illinois State Penitentiary for not less than two nor more than four years on the narcotics count, and for not less than one nor more than four years on the unlawful weapons count, the sentences to run concurrently. On appeal in this Court, defendant David Hayes contends that his sentence was excessive and should be reduced.

On November 27, 1968, defendant David Hayes was arrested as a re-

sult of information showing that Hayes had used homemade bomb devices in hunting. On November 27, 1968, Roger Lomas was arrested and was searched. The search disclosed that Lomas possessed a homemade bomb and a marijuana cigaret. As we have indicated, Lomas was indicted on two counts of illegal possession of narcotics and unlawful use of weapons and pleaded guilty. He was denied probation.

Following defendant's trial at which he was found guilty of unlawful use of weapons, a hearing was held with respect to probation and in aggravation and mitigation. At that hearing defendant testified that he was 21 years old, that he was married and was the father of a child. He stated that he was employed but had experienced some employment difficulties over the years. James Houston, an officer whose automobile had been bombed, testified for the State in aggravation, and stated that pieces of the bomb found near his automobile were similar to the devices taken from Lomas. Houston could not testify as to who placed the bomb in the automobile and did not infer that defendant Hayes placed the bomb in his automobile or that Hayes placed any bombs anywhere. An officer Geiger, who testified as a witness for the State, stated that Hayes had threatened to bomb him. Hayes, testifying in rebuttal, stated that he had been baited by the officer, and that is why he made the threat.

The probation hearing with respect to Roger Lomas disclosed that Lomas had a lengthy criminal record, and was on probation from the juvenile court at least on one occasion. The hearing also revealed that Lomas had material for making bomb fuses in his home, and that the bomb found in his possession was actually made by defendant David Hayes. The trial court thereupon sentenced Lomas from one to four years on the unlawful use of weapons charge and from two to four years on the narcotics charge, as we have indicated.

The probation, and mitigation and aggravation hearing which was conducted as to defendant David Hayes, was held following the Lomas hearing. It was not before the same judge. The judge who sentenced Hayes, however, was aware of the sentence given to Lomas. Following the hearing as to defendant Hayes, the trial judge advised defendant, "Furthermore, I think in all probability that Lomas would not be spending two to four years in the penitentiary on his plea of guilty to possession of a bomb made by this defendant if it were not for the acts of the defendant, David Hayes. All of the facts and circumstances of the evidence, as well as those which the Court must take judicial notice, it seems appropriate that Hayes' sentence must be greater than that meted out to Lomas". Defendant Hayes was then sentenced to from two to five years on the unlawful use of weapons charge.

On appeal in this Court, the issue is whether the sentence given to

David Hayes should be modified because it is greater than the sentence given to Roger Lomas. Defendant Hayes and Roger Lomas were both indicted for the same offense of unlawful use of weapons (1969 Ill. Rev. Statutes, ch. 38, sec. 24—1(a)(7)) which section provides:

"(7) Sells, manufactures, purchases, possesses or carries any weapon from which more than 8 shots or bullets may be discharged by a single function of the firing device, any shotgun with a barrel less than 18 inches in length, or any bomb, bombshell, grenade, bottle or other container containing an explosive substance, such as but not limited to black powder bombs and Molotov cocktails; * * *."

■■ As we have indicated, there were separate indictments as to defendant Hayes and Lomas and that Lomas was also indicted for possession of marijuana. Defendant Hayes argues on appeal that since both he and Lomas were guilty of the same crime, and since Lomas had several prior convictions while he had none, his sentence should have been no greater than the sentence for Lomas. The case of *People v. Jones*, 118 Ill.App.2d 189, is cited as a basis for modification of the longer sentence. In the *Jones* case, a burglary was involved in which two men participated to the same extent and both men had similar criminal records. As in the case before us, one pleaded guilty and the other was found guilty by a jury. In the *Jones* case, the reviewing court reduced the longer sentence to the same term as the shorter sentence. The court, however, recognized that there could be different punishments when two men commit the same crime. The court there stated (at pages 197—8):

"We recognize that not every offense in a like category calls for an identical punishment. There may be a proper variation in sentences as between different offenders, depending upon the circumstances of the individual case. As a general rule, where the punishment for the offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. Before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken of the record. (*People v. Hobbs*, 56 Ill.App.2d 93, 99, 205 N.E.2d 503 (1965).) Disparity of sentences between defendants does not, of itself, warrant the use of the power to reduce a punishment imposed by the trial court. *People v. Thompson*, 36 Ill.2d 478, 482, 224 N.E.2d 264 (1967)."

As indicated in the *Jones* opinion, a difference in sentences alone does not justify a reduction of the punishment imposed by a trial court. In the cause before us the facts were not similar to those which existed in

the *Jones* case where two men together committed a single burglary. In the instant case the record discloses that Lomas was carrying a bomb, on November 27, 1968, manufactured by defendant. Defendant Hayes was found guilty of activities involving manufacture of a bomb on the previous day. The record thus discloses that defendant was shown to have manufactured bombs while Lomas was found carrying a bomb which Hayes had made. The violations of the statute by Lomas and the defendant were separate violations and in fact did not occur on the same day. The record also discloses that defendant Hayes and Lomas were each sentenced by a different judge even though the judge who sentenced the defendant Hayes knew the sentence which had been given to Lomas. The trial court in sentencing defendant Hayes obviously expressed a feeling that the manufacture of bombs was a more serious violation of the statute than merely carrying a bomb.

In the *Jones* case the court commented on the disparity of sentences and stated that there was a reasonable inference in that case that Jones was penalized for exercising his constitutional right to a trial by jury. In *People v. Moriarty,* 25 Ill.2d 565, it was clearly shown that the trial judge gave defendant a larger sentence because he insisted upon a jury trial. The court in the *Moriarty* case rightly stated that a defendant in a criminal case should not be punished by heavy sentence merely because he exercised his constitutional right to be tried before an impartial judge or jury. (*People v. Moriarty,* 25 Ill.2d 565.) There was nothing in the record to indicate that the sentence given to defendant Hayes in any manner resulted from the fact that he demanded and received a jury trial. The trial court obviously imposed a greater sentence upon defendant Hayes for the reason that it felt that the act of defendant Hayes in the manufacture of the bomb required greater punishment than the offense of simply carrying one of the bombs, as was the case with Lomas.

■■ On the basis of the record before us, we cannot say that the sentence imposed upon defendant Hayes was too severe considering the circumstances in the case and defendant's background and possibility for rehabilitation. The sentence was imposed within the limits prescribed by statute and should not be disturbed upon review unless it clearly appears that the penalty constitutes a great departure from fundamental law and its spirit and purpose, or is violative of constitutional limitations requiring that all penalties be proportionate to the nature of the offense. (*People v. Smith,* 14 Ill.2d 95, 97, 150 N.E.2d 815.) As has been repeatedly stated, sentencing is peculiarly within the discretion of the trial court and should not be interfered with unless there is a clear abuse of discretion. (*People v. Nordstrom,* 73 Ill.App.2d 168, 183, 219 N.E.2d 151.) A sentence may not be changed simply because the reviewing court

would have imposed a different one if it had been in the trial court's position.

Since we find no reversible error in the record, the judgment of the Circuit Court of Rock Island County will be affirmed.

Judgment affirmed.

RYAN, P. J., and STOUDER, J., concur.