No. 2--00--0242

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of De Kalb County.

)

Plaintiff-Appellant, )

) 

v.                              )  No.  99--CF--424 

)

PHILLIP ROBINSON, ) Honorable

) Douglas R. Engel,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE GROMETER delivered
 the opinion of the court:

The State appeals from an order of the circuit court that dismissed its amended information.  The amended information charged defendant, Phillip Robinson, with committing the offense of the unlawful use of weapons in violation of section 24--1(a)(7)(iii) of the Criminal Code of 1961 (Code) (720 ILCS 5/24--1(a)(7)(iii) (West 1998)) by knowingly possessing a bomb.  The State contends that the trial court erred when it concluded that the phrase in section 24--1(a)(7)(iii) "containing an explosive substance of over one-quarter ounce" (720 ILCS 5/24--1(a)(7)(iii) (West 1998)) was an element of the offense and therefore had to be included in the amended information.  For the reasons that follow, we affirm.

The State's appeal requires us to construe section 24--1(a)(7)(iii), which provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(7) [s]ells, manufactures, purchases, possesses or carries:

* * *

(iii) any bomb, bomb-shell, grenade, bottle or other container containing an explosive substance of over one-quarter ounce for like purposes, such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles[.]"  720 ILCS 5/24--1(a)(7)(iii) (West 1998).

The State initially charged defendant by complaint.  The complaint alleged that defendant committed the offense of unlawful use of weapons in violation of section 24--1(a)(7)(iii)by knowingly manufacturing a pipe bomb.

The State later filed an information charging defendant with violating section 24--1(a)(7)(iii) by knowingly manufacturing a pipe bomb that contained an explosive substance.  Defendant filed a motion to dismiss the information asserting that it failed to allege the commission of an offense because it did not allege that the purported bomb contained an explosive substance "of over one-quarter ounce."  Following a hearing on the matter, the trial court dismissed the information and gave the State leave to file an amended information.

The State then filed an amended information charging defendant with committing the offense of the unlawful use of weapons by violating section 24--1(a)(7)(iii) in that he "KNOWINGLY POSSESSED A BOMB."  Defendant filed a motion to dismiss the amended information asserting that it failed to allege the commission of an offense because it did not allege that the purported bomb contained "an explosive substance of over one-quarter ounce."  Defendant argued that the omitted phrase was an element of the offense.  Following a hearing on the matter, the trial court dismissed the amended information.  The State’s timely notice of appeal and certification of impairment followed.

On appeal, the State contends that the trial court erred in dismissing the amended information.  The State correctly posits that there is no statutory or other standard definition of the term "bomb."  Relying on various authorities, the State asserts that, for the purposes of construing section 24--1(a)(7)(iii), "bomb" should be defined as an explosive device designed to cause damage to property or injury to persons.  Based on this definition of "bomb," the State asserts that the phrase "containing an explosive substance of over one-quarter ounce" is not an element of the offense applicable to the possession of a bomb.  The State reasons that a bomb could have less than one-quarter ounce of an explosive substance, and, therefore, the legislature could not have intended the phrase "over one-quarter ounce" to be an element of the offense applicable to a bomb.  The State argues that the phrase therefore is not required in a charging instrument alleging a violation of section 24--1(a)(7)(iii) by a person possessing a bomb.

Defendant first responds by asserting that the language of the statute unambiguously shows that the phrase is an element of the offense that applies to each of the devices listed in the statute, including a bomb.  In defendant's view, the phrase therefore must be included in a charging instrument alleging a violation of  section 24--1(a)(7)(iii) by possession of a bomb.  Alternatively, relying on various theories, defendant argues that, even if the statute is deemed to be ambiguous, the proper construction of the statute shows that the phrase is an element of the offense and is therefore required in a charging instrument.

The Code of Criminal Procedure of 1963 provides that a criminal charge must allege the offense committed by "[s]etting forth the nature and elements of the offense charged."  725 ILCS 5/111--3(a)(3) (West 1998); 
People v. Smit
, 312 Ill. App. 3d 150, 151 (2000).  Where, as here, a defendant attacks the charging instrument before trial, the court determines whether the instrument strictly complies with the pleading requirements enumerated in section 111--3(a) of the Code of Criminal Procedure of 1963, including setting out the elements of the offense.  
People v. Swanson
, 308 Ill. App. 3d 708, 711 (1999).  Our review of a challenge to the sufficiency of a charging instrument is 
de
 
novo
.  
Swanson
, 308 Ill. App. 3d at 711.

Here, in order to resolve the question of the sufficiency of the charging instrument, we must construe section 24--1(a)(7)(iii) of the Code to determine whether the phrase in question is an element of the offense applicable to a charge alleging possession of a bomb.  We note that the phrase in question consists of two subphrases 
i.e.
, "containing an explosive substance" and "of more than one-quarter ounce."  The focus of the dispute between the parties appears to center on whether the subphrase "of more than one-quarter ounce" is a necessary element of the offense of unlawful use of weapons based on an alleged violation of section 24--1(a)(7)(iii) by the possession of a bomb.  We will use "the phrase" when referring to the entire phrase and "the words" when referring to one of the subphrases.  Whether the phrase or either of the subphrases is a necessary element of the offense appears to be an issue of first impression.

Well-established principles guide us in construing a statute.  Our supreme court recently reiterated these principles as follows:

"In the exercise of statutory construction, our primary task is to ascertain and effectuate the intent of the legislature.  In interpreting a statute we may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims.  Also, we must assume that the legislature did not intend an absurd or unjust result.
  
However, our inquiry must always begin with the language of the statute, which is the surest and most reliable indicator of legislative intent.  The language of the statute must be given its plain and ordinary meaning, and where the statutory language is clear and unambiguous, we have no occasion to resort to aids of construction.  Nor, under the guise of statutory interpretation, can we 'correct' an apparent legislative oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language. [Citations]."  
People v. Pullen
, 192 Ill. 2d 36, 42 (2000).

Here, each party asserts that the language of the statute supports its position.  The State primarily relies on its argument that a bomb is a bomb and therefore the legislature could not have intended to require that a bomb contain a minimum amount of explosive substance.  The State also cites Illinois Pattern Jury Instructions, Criminal, No. 18.01 (
4th ed. 2000) (hereinafter IPI Criminal 4th No. 18.01), and argues that the instruction supports its construction of the statute.  Defendant does not dispute that IPI Criminal 4th No. 18.01 tends to support the State's position.  Rather, defendant argues that we are not required to agree with the instruction's implied construction of the statute because no court has construed the instruction in the context presented in this case.  In defendant's view, the language of the statute shows unambiguously that the legislature intended the phrase to be a necessary element of the offense applicable to a bomb, and, therefore, the phrase must be included in a charging instrument alleging a violation of the statute by the possession of a bomb.

We agree with the parties that IPI Criminal 4th No. 18.01 implies that the phrase does not apply to a bomb.  The pattern instruction appears to differentiate between a bomb, bombshell, or grenade and the other devices specified in the statute and suggests the use of the phrase only with respect to the other devices.  However, we are not persuaded that the instruction requires us to adopt such a construction of section 24--1(a)(7)(iii).  The parties do not cite, and our research has not revealed, any case that has reviewed IPI Criminal 4th No. 18.01 in a context similar to the context in this case.  Therefore, it has not been determined whether the instruction accurately states the law applicable to this case.  See 
People v. Hester
, 131 Ill. 2d 91, 104 (1989) (pattern jury instructions are approved or rejected only after being tested in courts).  On the other hand, we believe that the untested instruction is sufficient authority to question whether the legislature's intent can be ascertained from the language of the statute.  If the instruction was not a consideration, we would be inclined to agree with defendant that the language of the statute shows that the phrase is a necessary element of the offense applicable to any of the specified devices that section 24--1(a)(7)(iii) proscribes as an unlawful weapon, including a bomb.  In view of the instruction, we will look beyond the language of the statute and use construction aids to ascertain the legislature's intent.

As an aid in construing the statute, the State cites and urges us to follow certain Illinois cases involving bombs.  See 
People v. Green
, 14 Ill. App. 3d 972 (1973); 
People v. Hayes
, 133 Ill. App. 2d 114 (1970); 
People v. Benton
, 126 Ill. App. 2d 386 (1970).  The State correctly notes that none of the charging instruments in these cases specified the amount of explosive in the alleged bomb in question.  The State maintains that these cases therefore support its argument that the amount of the explosive substance is not a necessary element in a charging instrument alleging a violation of section 24--1(a)(7)(iii) by possession of a bomb.

We are not persuaded by the State's argument.  As defendant points out, the cases relied on by the State were all decided before the words "of over one-quarter ounce" were added to the precursor statute to section 24--1(a)(7)(iii).  See Pub. Act 79--1029, approved September 18, 1975 (amending Ill. Rev. Stat. 1973, 
ch. 38, par. 24--1(a)(7)).  Prior to the addition of these words, the statute did not contain language that addressed the amount of an explosive substance.  Because the cases cited by the State were decided before the words "of over one-quarter ounce" were added to the statute, those cases were not required to address the question at issue here, 
i.e.
, whether the words describe an element of the offense and therefore must be included in a charging instrument.  Therefore, the State's reliance on those cases is misplaced.

Defendant's main construction argument is that, if the State's argument is accepted, a person could be charged with possession of a bomb containing any amount of an explosive substance either under section 24--1(a)(7)(iii), a felony offense, or under the Fireworks Use Act (425 ILCS 35/0.01 
et
 
seq
. (West 1998)), a misdemeanor offense.  Defendant argues that the legislature must have intended that the phrase be an element of the offense applicable to a bomb in order to distinguish the felony possession of a bomb under section 24--1(a)(7)(iii) from the misdemeanor possession of a bomb under the Fireworks Use Act.

The Fireworks Use Act, with certain specified exceptions, prohibits the possession, sale, or use of fireworks.  425 ILCS 35/2 (West 1998).  Violators are guilty of a misdemeanor offense.  425 ILCS 35/5 (West 1998).  A "firework" is defined as "any explosive composition, or any substance or combination of substances, or article prepared for the purpose of producing a visible or audible effect of a temporary exhibitional nature by explosion, combustion, deflagration or detonation."  425 ILCS 35/1 (West 1998).  Among the various devices included in this definition are "bombs."  425 ILCS 35/1 (West 1998).  Thus, theoretically at least, the State could charge a person who possessed a bomb with an offense either under section 24--1(a)(7)(iii) or under the Fireworks Use Act.

Defendant's argument has merit insofar as it suggests that the legislature may have intended the phrase to be an element of the offense applicable to a bomb in order to indicate exactly what kind of bomb section 24--1(a)(7)(iii) applies to, 
i.e.
, a bomb containing an explosive substance of over one-quarter ounce.  However, we are not convinced that the inclusion of the term "bombs" in the Fireworks Use Act is sufficient to show the legislative intent urged by defendant regarding the term "bomb" in section 24--1(a)(7)(iii).  Both usages plainly could encompass a device containing an explosive substance.  But a firework, by its statutory definition, is used to produce an effect of a temporary exhibitional nature which appears to be a use that is different from the use of a bomb that is prohibited as an unlawful weapon by section 24--1(a)(7)(iii).  Thus, the meaning of "bomb" in the two statutes could be distinguished by the use of the bomb even though the bomb in question contained an explosive substance.

 Although not cited for this purpose by defendant, we believe that our supreme court's discussion of section 24--1(a)(7) in 
People v. Greene
, 96 Ill. 2d 334 (1983), aids in ascertaining the legislature's intent as to whether the phrase is an element of the offense that applies to a bomb.  In 
Greene
, the police found what they believed was a homemade bomb in the defendant's house.  The State charged the defendant with the unlawful use of a weapon by knowingly possessing a bomb which contained an explosive substance of more than one-quarter ounce in violation of section 24--1(a)(7) (Ill. Rev. Stat. 1979, ch. 38, par. 24--1(a)(7)), the statute that contained the language now found in section 24--1(a)(7)(iii).

The defendant in 
Greene
 challenged the constitutionality of section 24--1(a)(7) on the ground that there was a disparity in punishments for a violation of section 24--1(a)(3) (Ill. Rev. Stat. 1979, ch. 38, par. 24--1(a)(3)), a statute that prohibited conduct similar to that prohibited by section 24--1(a)(7).  The defendant noted that both statutes used the term "bomb" and argued that they therefore related to the same offense.  Section 24--1(a)(3) prohibited a person from carrying "a tear gas gun projector or bomb or any object containing noxious liquid gas or substance."  Ill. Rev. Stat. 1979, ch. 38, par. 24--1(a)(3).

In its analysis, the 
Greene
 court determined that the legislature intended to use the term "bomb" in section 24--1(a)(7) differently from its use in section 24--1(a)(3).  The court stated that "the reference in section 24--1(a)(7) to 'explosive substance' indicates that it was the intent of the legislature in adopting this particular section to cover devices such as bombs, bombshells, grenades or bottles containing explosive substances" and that "the devices intended to be prohibited by this provision of the statute are those containing explosive material."  
Greene
, 96 Ill. 2d at 338.  The court added:

"The words 'containing an explosive substance' serve notice that the type of bomb referred to is an explosive device containing an explosive substance.  The words 'such as, but not limited to, black powder bombs and Molotov cocktails or artillery projectiles' are, as pointed out above, additional guidance to the kind of explosive device prohibited--one primarily designed to cause unlawful destruction or injury when detonated."  
Greene
, 96 Ill. 2d at 339.

The analysis in 
Greene
 shows that the legislature intended the words "containing an explosive substance" in section 24--1(a)(7)(iii) to be a necessary element of the offense when the alleged violation of the section involves the possession of a bomb.  The words are a necessary element because they notify an accused of the type of bomb he is accused of possessing.  Unless the type of bomb is specified, an accused charged with violating section 24--1(a)(7)(iii) might be able to claim that he was subject to prosecution for identical conduct under different statutes with disparate sentences.

Because the words "containing an explosive substance" are a necessary element of the offense, it follows that the words 
"of over one-quarter ounce" are also a necessary element.  This is apparent from the plain language of the statute.  Nothing in the language suggests that the words "of over one-quarter ounce" do anything but modify the preceding words in the phrase "containing an explosive substance."  Before the legislature amended the statute to add the words "of over one-quarter ounce," the statute was silent with respect to whether there was a minimum amount of an explosive substance required to bring a device within the statute.  When the legislature amends a statute, it is presumed that the legislature intended to effect some change in the law.  
People v. Swartwout
, 311 Ill. App. 3d 250, 264 (2000).  Here, the effect of the amendment to the statute is plainly to require that an alleged unlawful weapon contain over one-quarter ounce of an explosive substance in order to be encompassed by the statute's prohibitions.

We recognize that the State's position that a person could possess a bomb containing less than one-quarter ounce of an explosive substance is troubling.  However, although we might question the wisdom of the one-quarter ounce requirement, we are nonetheless obliged to adhere to it.  The responsibility for the wisdom or justice of legislation rests with the legislature, and a court may not rewrite a statute to make it consistent with its idea of orderliness or public policy.  
People v. Wright
, 194 Ill. 2d 1, 29 (2000).

In sum, 
Greene
 shows that the words "containing an explosive substance" describe a necessary element of the offense of unlawful use of weapons based on a violation of section 24--1(a)(7)(iii) by possessing a bomb.  The plain language of the statute shows that the words "of over one-quarter ounce" also describe a necessary element.  Thus, the phrase "containing an explosive substance of over one-quarter ounce" describes a necessary element of the offense when the alleged offense involves possession of a bomb. 

The amended information in this case charged defendant with committing the offense of unlawful use of weapons in violation of section 24--1(a)(7)(iii) by possessing a bomb but did not contain the phrase "containing an explosive substance of over one-quarter ounce."  Because the phrase defines a necessary element of the offense, the trial court correctly ruled that the charging was insufficient.

Accordingly, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

RAPP and CALLUM, JJ., concur.