No. 3--01--0537

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 9th Judicial Circuit, 

 ) McDonough County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. A0--CF--61

 ) 

WAYNE M. DORETHY, JR., ) Honorable

                                ) John R. Clerkin,

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the opinion of the court:

_________________________________________________________________

The defendant, Wayne M. Dorethy, Jr., pled guilty to criminal sexual assault (720 ILCS 5/12--13 (West 2000)).  In another case that is not the subject of this appeal, he pled guilty to aggravated robbery (720 ILCS 5/18--5 (West 2000)).  Both pleas were fully negotiated.  The defendant was admonished that he could be ordered to serve his sentences for these offenses either consecutively or concurrently.  The defendant was sentenced to concurrent terms of six and four years' imprisonment, respectively, for these offenses.  His motion to withdraw his guilty plea was denied.

For the first time on appeal, the defendant argues that his sentence is void because consecutive sentences were mandatory under the applicable sentencing statute (730 ILCS 5/5--8--4(b) (West 2000)).  He contends that because his sentence is void, we may consider this argument for the first time on appeal.  The defendant further submits that his plea was not given knowingly and voluntarily because he was not admonished that consecutive sentences were mandatory rather than discretionary.  He argues, therefore, that he should be allowed to withdraw his guilty plea.  He also contends that his attorney failed to comply with the certificate requirements of Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).  We reverse and remand.

BACKGROUND

The defendant was charged with having committed armed robbery on January 5, 2000, in case No. A0--CF--95.  In case No. A0--CF--61, he was charged with having committed criminal sexual assault on January 10, 2000.  After negotiating with the prosecutor, the defendant agreed to plead guilty to aggravated robbery rather than armed robbery in case No. A0--CF--95 and to plead guilty to criminal sexual assault in case No. A0--CF--61.  In exchange for the defendant's guilty pleas, the State would (1) dismiss a charge for driving while license revoked or suspended in case No. A0--TR--3536; (2) recommend a six-year sentence for aggravated robbery; (3) recommend a four-year sentence for criminal sexual assault; and (4) recommend that the sentences be served concurrently rather than consecutively.

At the plea hearing held on February 5, 2001, the judge admonished the defendant that his sentences "could run consecutively, one after the other; or concurrently, at the same time."  The judge concurred in the terms of the plea agreement.  The defendant was sentenced consistently with this agreement at the conclusion of the hearing.

On March 7, 2001, the defendant filed a 
pro
 
se
 motion to withdraw his guilty pleas in both cases.  In his motion, he argued that (1) he was not guilty, and (2) he had entered his plea without fully understanding the nature of the agreement and the consequences of his plea.  He contended that he had not been informed that he would serve 85% of his sentence under the truth-in-sentencing statute.  The court denied the defendant's motion to withdraw.  The defendant appealed.

ANALYSIS

I. Consecutive Sentencing

For the first time on appeal, the defendant contends that the court's sentencing order is void because consecutive sentences were mandatory.

When multiple sentences are imposed, and one of the offenses for which the defendant was convicted was section 12--13 of the Criminal Code of 1961 (720 ILCS 5/12--13 (West 2000)), the court shall enter sentences to run consecutively.  730 ILCS 5/5--8--4(a, b) (West 2000).

The State relies upon 
People v. Maxwell
, 264 Ill. App. 3d 323, 636 N.E.2d 980 
(1994), and 
People v. Caruth
, 322 Ill. App. 3d 226, 751 N.E.2d 1160 
(2001), for the proposition that consecutive sentences were discretionary rather than mandatory in this case.  
Maxwell
 concerned the 1987 version of section 5--8--4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005--8--4(a)), which was substantially different from the statute under which the defendant was sentenced.  We find 
Maxwell
 to be inapposite to the present case.

In 
Caruth
, the defendant pled guilty to home invasion in one case, and he was found guilty of residential burglary and aggravated criminal sexual assault in another case.  At a joint sentencing hearing, the trial court imposed consecutive sentences for all three offenses.  This court stated in 
Caruth
 that "consecutive sentencing is mandatory for certain triggering offenses" under section 5--8--4(a), (b).  
Caruth
, 322 Ill. App. 3d at 230, 751 N.E.2d at 1163.  The triggering offense in 
Caruth
 was aggravated criminal sexual assault (720 ILCS 5/12--14 (West 1998)).

In the present case, 
Caruth
 is helpful to the defendant, but not to the State.  This defendant was convicted of criminal sexual assault (section 12--13), which is listed as a triggering offense in section 5--8--4(b) just before aggravated criminal sexual assault (section 12--14).  Under 
Caruth
, we agree with the defendant that consecutive sentences were mandatory in this case.

The State contends that the defendant's argument is waived because he failed to raise it in his motion to withdraw the guilty plea.  Supreme Court Rule 604(d) states that on appeal, any issue not raised in a defendant's motion to withdraw shall be deemed waived.  188 Ill. 2d R. 604(d).  Therefore, we agree with the State that the defendant's argument was waived.  The defendant's rejoinder is that we may consider his argument regardless of waiver because his sentencing order is void.

A sentence that does not conform to statutory requirements is void.  
People v. Arna
, 168 Ill. 2d 107, 658 N.E.2d 445
 (1995).  A void sentence may be challenged at any time.  
People v. Ortiz
, 321 Ill. App. 3d 920, 748 N.E.2d 793 
(2001).

In this case, the defendant's sentences are void because they do not conform to the statutory requirement making consecutive sentences mandatory under these circumstances.  Because his sentences are void, we may consider his argument regardless of waiver.

II. Admonishments

The defendant further submits that he was not properly admonished that consecutive sentences were mandatory rather than discretionary.

At the guilty plea hearing, the trial court must substantially comply with admonishing the defendant by informing him of the minimum and maximum sentences prescribed by law, including consecutive sentencing.  177 Ill. 2d R. 402(a).  Informing a defendant of the possibility of consecutive sentences when consecutive sentences are mandatory is an inadequate admonishment under Rule 402.  Under such circumstances, the defendant should be allowed to withdraw his guilty plea and plead anew.  
People v. Hampton
, 249 Ill. App. 3d 873, 620 N.E.2d 3 
(1993).

In this case, the defendant was improperly admonished that consecutive sentences were discretionary rather than mandatory.  Therefore, we rule that he should be permitted to withdraw his guilty plea and plead anew.  Because of this ruling, we need not address the defendant's argument concerning his attorney's Rule 604(d) certificate.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the McDonough County circuit court and remand for further proceedings.

Reversed and remanded.

LYTTON, P.J., and MCDADE, J., concur.