THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDOLL JOHNSON, Defendant-Appellant.

First District (6th Division)   No. 1—01—1664

Opinion filed March 28, 2003.

---

[1]Publication was allowed on October 2, 2002, prior to Justice Cousins' retirement.

Michael J. Pelletier and Steven W. Becker, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Randall J. Boyer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant Randoll Johnson appeals the dismissal of his petition for postconviction relief. This procedural posture aside, defendant's appeal involves the validity of the trial court's order placing him on probation following his plea of guilty to aggravated possession of a stolen motor vehicle. For the reasons that follow, we vacate defendant's eight-year sentence for that offense and remand his case for the resumption of plea negotiations.

On July 24, 1998, defendant pled guilty to aggravated possession of a stolen motor vehicle, which is a Class 1 felony. See 625 ILCS 5/4—103.2(c) (West 1998). The trial judge sentenced defendant to five years' probation and ordered him to participate in the Treatment Alternatives for Safe Communities program (TASC). A June 1998 TASC report included in the record stated that defendant was a drug addict and alcoholic and recommended treatment in that program.

Pursuant to section 5—5—3(c)(2)(F) of the Unified Code of Corrections (the Code) as it read at the time of the offense, defendant was not eligible for probation due to his prior convictions. 730 ILCS 5/5—5—3(c)(2)(F) (West 1998). Under that section, probation shall not be imposed for "[a] Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within 10 years of the date on which [the offender] committed the offense for which he is being sentenced." 730 ILCS 5/5—5—3(c)(2)(F) (West 1998).[1] Defendant had

---

[1]The statute currently provides that a defendant cannot be placed on probation for a Class 2 or greater felony if the offender was previously convicted of a Class 2 or greater felony in the last 10 years, "except as otherwise provided in Section 40—10 of the Alcoholism and Other Drug Abuse and Dependency Act." 730 ILCS 5/5—5—3(c)(2)(F) (West 2000).

been convicted of two Class 2 offenses in the previous 10 years, specifically a conviction in 1993 for possession of a stolen motor vehicle and a conviction in 1994 for burglary. See 625 ILCS 5/4—103(b) (West 1992); 720 ILCS 5/19—1(b) (West 1994).

On December 1, 1998, the State presented evidence that defendant had violated his probation by selling narcotics. The trial court revoked defendant's probation and sentenced him to eight years in prison on the original charge of aggravated possession of a stolen motor vehicle. On April 28, 1999, defendant filed a petition for postconviction relief.[2] The State moved to dismiss the petition, and the trial court granted the motion.

On appeal, defendant asserts that the trial court's order placing him on probation was void because he was not eligible for probation. Thus, he argues, the December 1998 order revoking his probation and sentencing him to eight years' imprisonment also was void. In addition, defendant contends that his due process rights were violated at the December 1998 hearing because the trial court failed to admonish him as to his understanding of the specific allegations and the voluntariness of his admission and also did not require the State to present a factual basis that a probation violation had occurred.

The State concedes that the order of probation for defendant's original conviction was not authorized by statute and is therefore void. Nevertheless, the State argues that the trial court properly dismissed defendant's postconviction petition because it failed to allege a substantial showing of a constitutional violation. In addition, the State asserts that defendant has forfeited his present assertions by failing to raise them in the trial court.

The State's forfeiture argument fails in light of its concession that the order of probation for defendant's original conviction was void. A void judgment is one entered by a court that lacks the power to make or enter a particular order. *People v. Wade*, 116 Ill. 2d 1, 5, 506 N.E.2d 954, 955 (1987). A sentence that does not conform to statutory requirements is void. *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995); *People v. Dorethy*, 331 Ill. App. 3d 504, 507, 771 N.E.2d 609, 611 (2002). Because defendant had been convicted of more than one Class 2 felony within the 10 years prior to his latest offense, defendant was not eligible for probation. 730 ILCS 5/5—5—3(c)(2)(F) (West 1998); *People v. Konrad*, 117 Ill. App. 3d 555, 559, 453 N.E.2d 831, 834

---

[2]In his postconviction petition, defendant attests that he appealed his conviction and that this court affirmed his conviction on December 1, 1998. Given that the trial court sentenced defendant on December 1, 1998, his attestation is obviously incorrect.

(1983). Because the probation order for defendant's original conviction is void, the subsequent order revoking his probation and imposing the eight-year sentence is likewise void. See *People v. Winston*, 316 Ill. App. 3d 618, 620-21, 737 N.E.2d 304, 306 (2000). A void judgment may be challenged at any time, either directly or collaterally. *Wade*, 116 Ill. 2d at 5, 506 N.E.2d at 955; *People v. Tooley*, 328 Ill. App. 3d 418, 423, 766 N.E.2d 305, 310 (2002).

Defendant asks this court to vacate both orders and remand this case "for a resumption of plea negotiations or, if necessary, trial." The State argues that this court should remand solely to resentence defendant on the charge of aggravated possession of a stolen motor vehicle and not for the continuation of plea negotiations. The State cites *People v. Simmons*, 256 Ill. App. 3d 651, 628 N.E.2d 759 (1993), which we find similar to the case at bar but not controlling. In *Simmons*, after the defendant was convicted of aggravated discharge of a firearm and unlawful use of a firearm by a felon, the trial court ordered probation despite two prior convictions that rendered him ineligible for probation. *Simmons*, 256 Ill. App. 3d at 652, 628 N.E.2d at 760. After finding both the underlying probation order and the subsequent order revoking the defendant's probation to be void, the appellate court remanded the case for resentencing on the defendant's original convictions. *Simmons*, 256 Ill. App. 3d at 653, 628 N.E.2d at 761.

However, unlike the defendant in *Simmons*, defendant in this case was not convicted of the original offense of aggravated possession of a stolen motor vehicle. Instead, defendant pled guilty to that crime upon the representation that he would receive probation. Because defendant was not eligible for probation, defendant and the State now necessarily lack agreement on the plea offer. To return the State and defendant to their positions prior to the trial court's erroneous imposition of probation, defendant should be allowed to withdraw his guilty plea and face trial, should he so elect. See *Wade*, 116 Ill. 2d at 4, 506 N.E.2d at 955 (after negotiated plea agreement, probation order held to be void due to defendant's ineligibility for probation; trial court vacated probation order and allowed defendant to withdraw guilty plea and stand trial).

As a final note, we must address the relationship of section 5—5—3(c)(2)(F) to section 40—10 of the Alcoholism and Other Drug Abuse and Dependency Act (also known as the Treatment Alternatives Act) (hereinafter the Act) (20 ILCS 301/40—10 (West 2000)). When defendant was sentenced, section 5—5—3(c)(2)(F) prohibited the trial court from placing him on probation. An amendment to that section that took effect in December 1999 creates an exception to the trial court's inability to order probation in certain criminal cases. As

amended, section 5—5—3(c)(2)(F) bars probation in those circumstances "except as otherwise provided in Section 40—10 of the Alcoholism and Other Drug Abuse and Dependency Act." 730 ILCS 5/5—5—3(c)(2)(F) (West 2000). Section 40—10 states that if the court has reason to believe that a defendant "suffers from alcoholism or other drug addiction" and finds a defendant eligible to be treated under section 40—5, "the court shall advise the individual that he or she may be sentenced to probation and shall be subject to terms and conditions of probation under Section 5—6—3 of the Unified Code of Corrections [(730 ILCS 5/5—6—3 (West 2000))] if he or she elects to submit to treatment and is accepted for treatment by a designated program." 20 ILCS 301/40—10 (West 2000). Section 40—5 of the Act provides nine exceptions to a defendant's eligibility to receive probation, including whether the crime is a "crime of violence" or one of several other specified offenses. 20 ILCS 301/40—5 (West 2000).

Defendant calls our attention to *People v. Young*, 334 Ill. App. 3d 785, 779 N.E.2d 293 (2002), which involves facts virtually identical to those before this court and, like the instant case, occurred before the amendment took effect. The defendant in *Young* was placed on probation for which his prior Class 2 or greater felony convictions in the previous 10 years rendered him ineligible under section 5—5—3(c)(2)(F). *Young*, 334 Ill. App. 3d at 786-87, 779 N.E.2d at 295. On appeal, another division of this court held that the trial court "did not err in using its discretion to sentence defendant to TASC probation." *Young*, 334 Ill. App. 3d at 793, 779 N.E.2d at 300. The court held that despite Young's previous convictions, the Act did not preclude the trial court from ordering probation and "did not limit the circuit court's discretion to being consistent with the Unified Code of Corrections." *Young*, 334 Ill. App. 3d at 792, 779 N.E.2d at 299. See also *People v. Pearson*, 183 Ill. App. 3d 72, 538 N.E.2d 1202 (1989) (trial court could sentence defendant convicted of residential burglary to probation as alternative to sentencing defendant under the Code).

Defendant contends that in both the instant case and in *Young*, section 5—5—3(c)(2)(F) precluded the trial court from ordering probation.[3] We agree with defendant that *Young* was wrongly decided. When defendant was sentenced in 1998, section 5—5—3(c)(2)(F) prevented the trial court from ordering probation due to defendant's criminal record. The amendment to section 5—5—3(c)(2)(F) that took effect in

---

[3]Defendant's position presumably is that if we were to agree with *Young* and find that the trial court had authority to impose probation in his case, we would uphold the original order of probation and the validity of the eight-year sentence given upon the violation of his probation.

December 1999 allows probation for an offender who has committed two Class 2 or greater felonies in the last 10 years if allowed by section 40—10 (and also if the offender's crimes or other circumstances do not trigger ineligibility under section 40—5). The amendment took effect after Young was sentenced and was mentioned, though properly not applied, in the appellate court opinion. If, as the *Young* court held, the Act and the Code could be applied independently of each other prior to the amendment, and if the defendant could receive probation under the Act despite the express provision in section 5—5—3(c)(2)(F) of the Code that he not be given probation because of his previous crimes, no change would have been made by amending section 5—5—3(c)(2)(F) to expressly allow probation under section 40—10. "When the legislature amends a statute, it is presumed that the legislature intended to effect some change in the law." *People v. Robinson*, 319 Ill. App. 3d 459, 466-67, 748 N.E.2d 624, 629 (2001); see also 1A N. Singer, Sutherland on Statutory Construction § 22.30 (6th ed. 2002). If, prior to the amendment, the Act provided exceptions to the Code's mandated probation in specific cases, no change would result from the amendment of section 5—5—3(c)(2)(F) to allow probation "as otherwise provided" in the Act.

We acknowledge that this ruling presents a departure from *People v. Teschner*, 81 Ill. 2d 187, 407 N.E.2d 49 (1980), on which *Young* heavily relied. In *Teschner*, our supreme court held that the Code was not controlling and that probation was permitted under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.1 *et seq.*), a predecessor to the current Act. *Teschner*, 81 Ill. 2d at 193, 407 N.E.2d at 52. The predecessor act allowed an addict to elect drug treatment "instead of prosecution or probation." Ill. Rev. Stat. 1971, ch. 91½, par. 120.8. Unlike the predecessor act, the current Act does not permit a defendant to choose treatment in lieu of probation or prosecution. The Act describes treatment "as a condition of probation." 20 ILCS 301/40—10 (West 2000). As we have concluded, defendant was not eligible for probation according to section 5—5—3(c)(2)(F). In our estimation, Justice Moran's dissent espouses the more reasoned view that for a defendant to receive treatment under the Act, he must "otherwise qualify for probation under the Code." (Emphasis omitted.) *Teschner*, 81 Ill. 2d at 195-96, 407 N.E.2d at 53 (Moran, J., dissenting, joined by Underwood, J.). Justice Moran's view that the Code's provisions should be read together with the Act is clearly more consistent with the version of section 5—5—3(c)(2)(F) that was in effect when defendant was sentenced. Accordingly, we decline to follow *Young,* and we adhere to our ruling that the trial court erred in ordering that defendant be placed on probation.

For all of the reasons stated herein, we vacate the trial court's order of probation and the subsequent order revoking defendant's probation and sentencing him to eight years in prison for aggravated possession of a stolen motor vehicle. As previously stated, to return the State and defendant to their positions prior to the trial court's imposition of probation, defendant is allowed to move for the withdrawal of his guilty plea and face trial, should he so elect. This case is remanded for the resumption of plea negotiations on that offense. Given this disposition, defendant's claim that his due process rights were violated at the hearing to revoke his probation is moot.

Vacated and remanded.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.