# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. McKinney*, 2012 IL App (1st) 103364

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY McKINNEY, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-10-3364 |
| Filed | August 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant pled guilty to burglary based on erroneous advice that he was ineligible for participation in a veterans court program because he was not eligible for probation, he was entitled to withdraw his plea and pursue his request for admission to the program. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-9820; the Hon. Arthur F. Hill, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kieran M. Wiberg, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Carol L. Gaines, and Jessica R. Ball, Assistant State's Attorneys, of counsel), for the People.

Panel | JUSTICE MURPHY delivered the judgment of the court, with opinion.
Presiding Justice Steele and Justice Neville concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Rodney McKinney entered a plea of guilty to the offense of burglary and was sentenced to eight years' imprisonment. On appeal, defendant contends that the trial court erred when it denied his motion to withdraw his guilty plea; he was denied his right to counsel where the court allowed him to dismiss his counsel and represent himself at the hearing on his motion to withdraw his guilty plea without first properly admonishing him pursuant to Illinois Supreme Court Rule 401 (eff. July 1, 1984); his mandatory supervised release term must be reduced to two years; he was improperly assessed a DNA analysis fee; and the Children's Advocacy Center fine assessed against him should be offset by his presentence custody credit. For the reasons that follow, we reverse and remand.

¶ 2                          BACKGROUND

¶ 3    Defendant was charged with burglary for allegedly entering a building located at 1438 West 103rd Street in Chicago with the intent to commit a theft therein on May 14, 2009. Prior to trial, defense counsel requested, and the trial court conducted, a plea agreement conference under Illinois Supreme Court Rule 402 (eff. July 1, 1997) during which the State asserted that if it proceeded to trial, the evidence would show that defendant broke the window of a convenience store at 1438 West 103rd Street, entered the building, and stole the cash register located therein. Following the Rule 402 conference, the trial court informed defendant that it would sentence him to eight years' imprisonment as a Class X offender if he pleaded guilty to burglary, and defendant withdrew his previously entered plea of not guilty and entered a plea of guilty in exchange for the court's offer of an eight-year sentence. The court accepted defendant's guilty plea, found him guilty of burglary, and sentenced him to eight years' imprisonment. Defendant also requested drug treatment as part of his sentence, and the trial court granted that request and recommended treatment.

¶ 4    Defendant subsequently filed a *pro se* motion to withdraw his guilty plea in which he asserted that defense counsel misadvised him that he was not eligible to participate in a

veterans court program. At the hearing on that motion, defense counsel informed the court that defendant had decided to proceed *pro se*. The court asked defendant, "You understand all of the things that an attorney could do for you and assist you in the whole process; right[?]" and defendant responded "yes, sir, I do." The court then asked, "But you have decided on your own, knowing all of that, that you want to proceed *pro se*[?]" and defendant responded "[y]es, sir." Defendant told the court that he had mentioned veterans court to defense counsel before entering his guilty plea, that counsel had told him she believed the program was only for drug cases, and that he now believed that he was eligible for the program. The court responded that it believed the program was only available in cases where probation was a possibility and that defendant was not eligible for the program because he was not eligible for probation where he was being sentenced as a Class X offender due to his prior convictions. The court then denied defendant's motion, finding that his guilty plea was made knowingly and intelligently.

¶ 5                                     ANALYSIS

¶ 6       Defendant contends that the trial court erred by denying his motion to withdraw his guilty plea where he entered his plea while under the mistaken belief that he was not eligible for veterans court. The decision to deny a motion to withdraw a guilty plea rests in the sound discretion of the trial court and is reviewed for an abuse of that discretion. *People v. Baez*, 241 Ill. 2d 44, 109-10 (2011). A defendant does not have an automatic right to withdraw a guilty plea and must show a manifest injustice under the facts involved to obtain leave to withdraw his plea. *People v. Jamison*, 197 Ill. 2d 135, 163 (2001). This court will only disturb a trial court's denial of a motion to withdraw a guilty plea where the plea was entered through a misapprehension of fact or law or where there is doubt as to the accused's guilt and justice would be better served by conducting a trial. *People v. Delvillar*, 235 Ill. 2d 507, 521 (2009).

¶ 7       Defendant asserts that his guilty plea was entered under a misapprehension of law where he mistakenly believed that he was not eligible for veterans court because defense counsel misadvised him that the program was only available in drug offense cases and the trial court told him it was only available in cases where probation was a possibility. The State responds that although the availability of veterans court is not limited to drug offenses, defendant was not acting under a misapprehension of law when he agreed to plead guilty because he was ineligible for veterans court where he was not eligible for supervision, conditional discharge, or probation. The record shows that although defendant pleaded guilty to burglary, a Class 2 felony (720 ILCS 5/19-1(b) (West 2008)), he was sentenced as a Class X offender due to his prior convictions (730 ILCS 5/5-5-3(c)(8) (West 2008)), and therefore was not eligible for probation (730 ILCS 5/5-5-3(c)(2)(C) (West 2008)). Thus, to resolve the issue of whether defendant entered his guilty plea under a misapprehension of law, we must determine whether he was ineligible for veterans court because he could not have been sentenced to probation.

¶ 8       Defendant maintains that the plain language of the Veterans and Servicemembers Court Treatment Act (Veterans Court Act) (730 ILCS 167/1 *et seq.* (West 2010)) does not include

a requirement that a defendant be eligible for probation to be eligible for veterans court, and the State disagrees. The Veterans Court Act became effective on June 14, 2010, and this court has not discovered any cases interpreting the eligibility requirements of the statute. A court's primary objective when construing the meaning of a statute is to ascertain and give effect to the intent of the legislature, and the most reliable indicator of that intent is the language of the statute itself. *People v. Williams*, 239 Ill. 2d 503, 506 (2011).

¶ 9        The Veterans Court Act provides for the establishment of a veterans court and corresponding programs whereby a defendant who is a veteran can complete an agreed-upon program, which may include substance abuse, mental health, or other treatment, in exchange for the dismissal of the charges against him, the termination of his sentence, or his discharge from further proceedings. 730 ILCS 167/15, 25, 35 (West 2010). A defendant may only be admitted into a veterans court program upon the agreement of the prosecutor and the defendant and with the approval of the veterans court. 730 ILCS 167/20(a) (West 2010). A defendant shall be excluded from a veterans court program if he: (1) is charged with a crime of violence; (2) does not demonstrate a willingness to participate in the program; (3) has committed a crime of violence in the past 10 years, excluding incarceration time; or (4) has previously completed or been discharged from such a program. 730 ILCS 167/20(b) (West 2010). Thus, under the plain language of the Veterans Court Act, a defendant is not required to be eligible for probation to be eligible for veterans court where no such requirement exists and defendants who are not eligible for probation are not among the four groups of defendants who shall be excluded from such a program.

¶ 10       The State asserts, however, that it is abundantly clear from the legislative history of the Veterans Court Act that the legislature intended to limit eligibility for veterans court to those defendants who are eligible for supervision, conditional discharge, or probation. Defendant first maintains that we need not consider the legislative history of the Veterans Court Act because the statute is clear and unambiguous, and he also maintains that the legislative history does not indicate that the legislature intended to limit eligibility for veterans court to those defendants who are eligible for probation.

¶ 11       Where statutory language is ambiguous, a court may consider other extrinsic aids such as the statute's legislative history to resolve the ambiguity. *People v. Collins*, 214 Ill. 2d 206, 214 (2005). In this case, the State cites to comments by Senator Pamela Althoff and Representative Michael Tryon, who sponsored the bill that became the Veterans Court Act, in support of its assertion that the legislature intended to limit eligibility to veterans court to those defendants who are eligible for probation. Senator Althoff stated that the legislation was intended "to create specialized veteran and servicemember courts or programs with the necessary flexibility to meet the specialized problems faced by veterans and servicemember defendants" and that "[t]he offenses are limited to probationary offenses." 96th Ill. Gen. Assem., Senate Proceedings, Apr. 27, 2010, at 131 (statements of Senator Althoff). Representative Tryon stated that the Veterans Court Act "will allow for the adjudication of misdemeanor crimes" and was designed to capture benefits unique to veterans that were not available in the previously established drug and mental health courts. 96th Gen. Assem., House Proceedings, Mar. 26, 2010, at 189-92 (statements of Representative Tryon).

¶ 12       Initially, the Veterans Court Act's plain language regarding a defendant's eligibility for

veterans court is clear and unambiguous and constitutes the best evidence of legislative intent, and we will not depart from its plain language by reading exceptions, limitations, or conditions into the statute that conflict with that legislative intent. *People v. McClure*, 218 Ill. 2d 375, 381-82 (2006). In addition, Senator Althoff's comment that the Veterans Court Act only applies to probationary offenses does not show that the legislature intended to limit eligibility to veterans court to defendants who are eligible for probation where a difference exists between committing a probationary offense and being eligible for probation. For example, here defendant entered a guilty plea to burglary, a Class 2 felony and probationary offense (720 ILCS 5/19-1(b) (West 2008)), but was ineligible for probation because he was sentenced as a Class X offender due to his prior convictions (730 ILCS 5/5-5-3(c)(8) (West 2008)). Even though defendant was sentenced as a Class X offender, the crime of which he was convicted remains a Class 2 felony (*People v. Olivo*, 183 Ill. 2d 339, 340-41 (1998)), and he is therefore not eligible for probation despite having committed a probationary offense. Further, Representative Tryon's comment that the Veterans Court Act only applies to misdemeanor offenses is directly contradicted by the statute's provision that it applies to veterans and servicemembers charged with a misdemeanor *or* felony (730 ILCS 167/5 (West 2010)) and is inconsistent with its disqualification of only those defendants charged with a crime of violence (730 ILCS 167/5 (West 2010)). Thus, we determine that the statute's legislative history does not make it clear that the legislature intended to limit eligibility for veterans court to those defendants eligible for probation and therefore decline to read such a condition into the statute where it conflicts with the legislative intent evident from its plain language.

¶ 13    Having determined that the Veterans Court Act does not condition defendant's eligibility for veterans court on his eligibility for probation, we now consider whether he is precluded from participating in such a program by the Unified Code of Corrections (Code) (730 ILCS 5/1-1-1 *et seq.* (West 2008)). Because defendant was sentenced as a Class X offender, he could not have been sentenced to probation, periodic imprisonment, or conditional discharge under the Code (730 ILCS 5/5-5-3(c)(2)(C) (West 2008)), and he therefore could not have been admitted to veterans court if doing so would have constituted the imposition of a sentence of probation. The State asserts that, when considered as a whole, the statute makes clear that veterans court was intended to operate as a supervision or probation-based program. Defendant maintains that the Code is separate from the Veterans Court Act and does not control his eligibility for veterans court, citing *People v. Teschner*, 81 Ill. 2d 187 (1980), and *People v. Young*, 334 Ill. App. 3d 785 (2002), in support.

¶ 14    In *Teschner*, 81 Ill. 2d at 190-93, our supreme court held that the defendant's sentence of 36 months' probation conditioned on his successful completion of a drug-rehabilitation program under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, ¶ 120.1 *et seq.*) was proper even though he was not eligible for probation under the Code due to his prior convictions. The court determined that the Code did not control whether a defendant could receive probation under the Dangerous Drug Abuse Act because treatment under that statute was an alternative to the regular sentencing alternatives set forth in the Code. *Id.* at 191-93. The court also noted that the language of the Dangerous Drug Abuse Act indicated "a strong legislative policy favoring the prevention of drug abuse and encouragement for the treatment

and rehabilitation of drug addicts" and a finding that "the treatment for drug abuse requires more medical and social treatment than can be provided under the present criminal justice system." *Id.* at 192.

¶ 15    In *Young*, 334 Ill. App. 3d at 793, this court held that the trial court did not err in using its discretion to sentence the defendant to three years' probation and residential treatment with Treatment Alternatives for Safe Communities (TASC) under the Alcoholism and Other Drug Abuse and Dependency Act (Abuse and Dependency Act) (20 ILCS 301/40-5 *et seq.* (West 1994)) even though he was not eligible for probation under the Code due to his prior convictions. In doing so, this court noted that just as in *Teschner*, where the Dangerous Drug Abuse Act did not limit the trial court's discretion to being consistent with the Code, the Abuse and Dependency Act did not limit the trial court to consistency with the Code either. *Young*, 334 Ill. App. 3d at 792-93.

¶ 16    In the Veterans Court Act, the legislature notes that some veterans and servicemembers may suffer the effects of post-traumatic stress disorder, traumatic brain injury, depression, and drug or alcohol addiction due to their service and are charged with felony or misdemeanor offenses as a result. 730 ILCS 167/5 (West 2010). The legislature also identifies "a critical need for the criminal justice system to recognize these veterans, provide accountability for their wrongdoing, provide for the safety of the public and provide for the treatment of the veterans," and sets forth that its intent is to create specialized courts and programs with the flexibility to meet the specialized problems faced by those defendants. 730 ILCS 167/5 (West 2010). Thus, similar to the statutes at issue in *Teschner* and *Young*, the language of the Veterans Court Act indicates a strong legislative policy favoring the treatment and rehabilitation of affected veterans and servicemembers. In addition, while the statute provides that a veterans court may impose conditions of probation and conditional discharge set forth in the Code (see 730 ILCS 167/25(e) (West 2010)), it does not require the trial court to act consistently with the Code, just like the statutes in *Teschner* and *Young*.

¶ 17    The State asserts that this case is distinguishable from *Teschner* and *Young* because the defendants in those cases were ineligible for probation under a different subsection of the Code than defendant in this case. However, that distinction is inconsequential where the courts' holdings were based on the conclusion that a trial court's discretion under the Dangerous Drug Abuse Act and the Abuse and Dependency Act was not limited by the Code as a whole. Also, while the Veterans Court Act is not identical to the Dangerous Drug Abuse Act or the Abuse and Dependency Act, the three statutes are similar in several important respects as noted above.

¶ 18    In addition, this case is distinguishable from *People v. Johnson*, 338 Ill. App. 3d 213, 218 (2003), in which this court held that the defendant could not have been sentenced to five years' probation and treatment in TASC under the Abuse and Dependency Act because he was not eligible for probation under the Code. In doing so, the court determined that the legislature must have intended for a trial court's discretion under the Abuse and Dependency Act to be limited by the Code at the time of the defendant's sentencing where it later amended the relevant subsection of the Code to provide an exception to the prohibition on probation for sentences imposed under the Abuse and Dependency Act. *Id.* The court reasoned that the statute must not have provided an exception to the Code prior to its

amendment because it is presumed that a legislature intends to effect some change in the law when it amends a statute and the statute's amendment would not have effected any change in the law if that exception had already existed. *Id.*

¶ 19 In this case, however, there is no indication that the legislature intended for the Veterans Court Act to be limited by the Code where the section requiring that defendant be sentenced as a Class X offender (730 ILCS 5/5-5-3(c)(8) (West 2008)) in this case does not reference the Veterans Court Act and was not amended to do so after defendant's sentencing. Also, the Code provides that a defendant sentenced as a Class X offender under that section is not eligible for treatment under the Abuse and Dependency Act. 730 ILCS 5/5-5-3(c)(8) (West 2008). To the extent any legislative intent can be gleaned from that language, it is that the legislature chose not to exclude such defendants from veterans court where it could have done so by inserting similar language, but did not.

¶ 20 The distinction between a veterans court program and a sentence of probation under the Code is further illustrated by the existence of the pre-adjudicatory program, in which a defendant may successfully complete a veterans court program before his conviction or the filing of a criminal case against him. 730 ILCS 167/10 (West 2010). Thus, unlike the Code, which by its own terms applies only to a defendant who has been convicted of an offense (730 ILCS 5/5-5-3(a) (West 2008)), the Veterans Court Act applies to defendants who have been charged with a felony or misdemeanor, and a defendant may enter such a program without having first been convicted of a crime. As such, it would be problematic to hold that a person's eligibility for veterans court is controlled by the Code where the Code applies only to defendants who have been convicted of a crime while the Veterans Court Act applies to defendants who have been charged with a crime, including those who have not yet been prosecuted or convicted. We therefore determine that a person is not precluded from participating in a veterans court program by the Code based solely on the fact that he is not eligible for probation.

¶ 21 The State asserts that even if defendant was not ineligible for veterans court based on his ineligibility for probation, he was not a viable candidate for such a program and therefore is not entitled to withdraw his guilty plea. The State first notes that the Veterans Court Act provides that a defendant may only be admitted into such a program upon the agreement of the prosecutor and defendant and with the approval of the veterans court (730 ILCS 167/20(a) (West 2010)) and maintains that nothing in the record indicates that the prosecutor or the court would have agreed to such terms. The record does show, however, that the appropriateness of a veterans court program for defendant was never seriously considered or discussed by the prosecutor or the court where defense counsel misadvised defendant that veterans court only applied in drug cases and the trial court mistakenly believed that defendant was ineligible because he was not eligible for probation. Thus, while it is entirely possible that defendant would not have been able to obtain the agreement of the prosecutor or the approval of the court to be admitted into a veterans court program, it is clear from the record that defendant never had the opportunity to explore such a possibility.

¶ 22 The State also notes that a defendant must demonstrate a willingness to participate in a treatment program to be eligible for veterans court (730 ILCS 167/20(b)(2) (West 2010)) and maintains that defendant did not demonstrate such a willingness where he had a history of

not adhering to conditions of probation. However, the record does not show that defendant was not willing to participate in a treatment program at the time he pleaded guilty where he requested and was granted drug treatment during sentencing and inquired as to his eligibility for veterans court in his motion to withdraw his guilty plea and the ensuing hearing.

¶ 23 The State further maintains that defendant has not demonstrated that he suffers from the type of substance abuse or mental health problems the Veterans Court Act is designed to address. However, the record indicates that defendant suffered from substance abuse problems where he requested and was granted drug treatment during sentencing. Moreover, such a determination need not be made at this point in the proceedings where the statute provides for an eligibility screening and mental health and drug/alcohol screening and assessment of a defendant. 730 ILCS 167/25(b) (West 2010).

¶ 24 We therefore determine that defendant was not ineligible for veterans court based on his ineligibility for probation where the Veterans Court Act does not require that a person be eligible for probation to be eligible for one of its programs and his participation in such a program is not precluded by the Code. Also, while it is possible that the prosecutor would not have agreed to defendant's admission into a veterans court program or the veterans court may have exercised its discretion not to approve such an admission, we cannot predict what would have happened had defendant been allowed to explore his eligibility for such a program where he was prevented from doing so. As such, we conclude that the trial court abused its discretion when it denied defendant's motion to withdraw his guilty plea based on the mistaken legal conclusion that his guilty plea was not entered under a misapprehension of law because veterans court was limited to those defendants who were eligible for probation. As a result, we need not address the additional issues raised by defendant in this appeal.

¶ 25                                                   CONCLUSION

¶ 26 Accordingly, we reverse the trial court's denial of defendant's motion to withdraw his guilty plea and remand the matter for further proceedings.

¶ 27 Reversed and remanded.