# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Donelson*, 2011 IL App (1st) 092594

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES DONELSON, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-09-2594 |
| Filed | November 9, 2011 |
| Rehearing denied | December 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's concurrent sentences for first degree murder, home invasion and aggravated criminal sexual assault were void where his conviction for aggravated criminal sexual assault triggered the statutory mandate that consecutive sentences be imposed, and the proper remedy was to vacate the judgment and remand the cause for resentencing pursuant to defendant's plea agreement and the applicable statutes. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 98-CR-11525, 98-CR-11527; the Hon. Lawrence E. Flood, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier and Jessica D. Pamon, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Sheilah C. O'Grady, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justice Murphy concurred in the judgment and opinion.
Justice Quinn specially concurred, with opinion.

## OPINION

¶ 1    Charles Donelson, the defendant, appeals from the dismissal of his *pro se* petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure. 735 ILCS 5/2-1401(f) (West 2008). On appeal, he contends that the concurrent sentences imposed on his plea of guilty are void and that this court should vacate his plea and remand the cause to allow him to withdraw his plea. The State responds with three arguments: (1) that the concurrent sentencing was proper; (2) that defendant should be equitably estopped from withdrawing his plea; and (3) that the appropriate remedy is a remand for resentencing. Defendant also maintains that his mittimus must be corrected as it reflects the wrong count to which he pled guilty. For the reasons stated below, we vacate defendant's sentences and remand for resentencing consistent with both the plea agreement and relevant statutes.

¶ 2                                      BACKGROUND
¶ 3    Defendant was charged in indictment number 98 CR 11525 with first degree murder, home invasion, residential burglary, and aggravated criminal sexual assault stemming from an incident in the afternoon on March 28, 1998, where defendant allegedly forcibly entered the home of Matthew Flowers and Sarah Tyler, forced Flowers and Tyler to have intercourse, and shot and killed Flowers. Defendant was also charged in indictment number 98 CR 11527 with aggravated criminal sexual assault stemming from an incident in the morning on March 28, 1998, where defendant allegedly forced Tyler to have sex with him. On January 30, 2001, pursuant to a guilty plea, defendant was convicted of first degree murder (count V: felony murder based on the aggravated sexual assault of Tyler) and home invasion (count VI) under indictment number 98 CR 11525, and aggravated criminal sexual assault (count I) under indictment number 98 CR 11527. The trial court admonished defendant of the rights he was relinquishing by pleading guilty and sentenced him to 55 years' imprisonment for first degree murder, 30 years for home invasion, and 30 years for aggravated criminal sexual assault, all to be served concurrently.

¶ 4        On February 27, 2001, defendant filed a *pro se* motion to withdraw his guilty plea. The trial court denied the motion to withdraw and defendant appealed. The State confessed error based on erroneous plea admonishments, and this court remanded the case. *People v. Donelson*, No. 1-01-2127 (2002) (unpublished order pursuant to Supreme Court Rule 23). On remand, defendant filed a new motion to withdraw his pleas of guilty under both indictments. Ultimately, on May 22, 2003, defendant agreed to withdraw his motions in exchange for the State's offer of a five-year sentence reduction on his first degree murder conviction. The court agreed to reduce his 55-year sentence for murder to 50 years and vacated his original 55-year sentence. The court did not address defendant's concurrent 30-year sentences. A new mittimus was issued reflecting defendant's reduced sentence of 50 years for murder and 30 years for home invasion. When the State expressed concern that defendant would receive double credit, the trial court clarified that, "[t]he original sentence was vacated. It is not a corrected mittimus. A new sentence is imposed."

¶ 5        On April 23, 2009, defendant filed a *pro se* motion for leave to file a petition for relief from judgment pursuant to section 2-1401(f), along with the petition itself. Defendant challenged various aspects of his guilty plea, including that he received ineffective assistance of trial counsel, that the trial court failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), and that his plea was involuntary. He did not raise the issue of improper concurrent sentences in his motion. The circuit court dismissed defendant's petition on July 17, 2009. On July 27, 2009, defendant filed a motion to reconsider the dismissal of his petition for relief from judgment, which the circuit court denied on August 14, 2009. This appeal followed.

¶ 6                                        ANALYSIS

¶ 7        On appeal, defendant abandons the issues raised in his petition and claims for the first time that the trial court erred in sentencing him to concurrent sentences where section 5-8-4 of the Unified Code of Corrections (730 ILCS 5/5-8-4 (West 1998)) required that defendant's sentences for murder (No. 98 CR 11525) and aggravated criminal sexual assault (No. 98 CR 11527) be imposed consecutively. Defendant maintains that his plea as well as his sentences are void and thus that the judgment and plea must both be vacated. Whether a sentence is void is a question of law subject to *de novo* review. *People v. Hauschild*, 226 Ill. 2d 63, 72 (2007).

¶ 8        We initially note that the State maintains that defendant forfeited review of his claim. The State indicates that defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure, which states that, "the petition must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2008). The State thus asserts that because defendant filed his petition more than two years after the entry of the last order in this case, his claim is waived. However, defendant is challenging his sentence as void, and a void sentence can be corrected at any time and is not subject to wavier or forfeiture. *People v. Hillier*, 237 Ill. 2d 539, 546-47 (2010); *People v. Tolentino*, 409 Ill. App. 3d 598, 604 (2011).

¶ 9        Turning to the merits of defendant's appeal, our supreme court has held that concurrent

sentences are void where the statutory requirements for mandatory consecutive sentences are met. *People v. Bishop*, 218 Ill. 2d 232, 254 (2006). A conviction of aggravated criminal sexual assault (720 ILCS 5/12-14 (West 1998)) triggers mandatory consecutive sentences where the defendant is convicted of multiple offenses whether the offenses were committed during a single course of conduct (730 ILCS 5/5-8-4(a) (West 1998)) or whether the offenses were committed during separate courses of conduct (730 ILCS 5/5-8-4(b) (West 1998)). *People v. Harris*, 203 Ill. 2d 111, 116-17 (2003). Based on section 5-8-4, the court should have imposed consecutive sentences for defendant's convictions of murder and aggravated criminal sexual assault. Thus, we find that the sentence is void.

¶ 10     The State's arguments to the contrary are meritless. First, under subsection (b) of section 5-8-4, as conceded by the State, defendant's conviction of aggravated criminal sexual assault (No. 98 CR 11527) would trigger a consecutive sentence for his conviction of murder (No. 98 CR 11525) even though it occurred in a separate course of conduct and was separately indicted. The State, however, claims that the mandate of subsection (b) does not apply here because the sentences at issue were imposed separately, rather than simultaneously. In making its argument, the State relies on the following wording appearing in subsection (a) but not repeated in subsection (b):

> "When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State, *** the sentences shall run concurrently or consecutively as determined by the court." 730 ILCS 5/5-8-4(a) (West 1998).

However, this language applies to both subsections (a) and (b). See *People v. Hayes*, 336 Ill. App. 3d 145, 152 (2002).

¶ 11     Furthermore, the State's argument that defendant's murder sentence was separately imposed from the sentence for his aggravated criminal sexual assault conviction is unpersuasive. Defendant's reduced murder sentence, although entered in 2003, was entered to take effect as of February 2001, when he filed his motion to withdraw his entire plea. That plea encompassed all three offenses under both indictments, including the first degree murder and aggravated criminal sexual assault charges. In reducing defendant's murder sentence, the court stated, "I'm allowing you to make a motion to reduce the sentence as of February 28, [20]01, within 30 days, the date I sentenced you, from 55 years to 50 years and the State is not objecting to that as part of the agreement." Defendant thus withdrew his motion to withdraw his plea, leaving the plea and the resulting convictions and sentence intact but for the reduced murder sentence. Therefore, although defendant's murder sentence was reduced after the original plea, and a new mittimus was issued, the new sentence was entered as part of that original sentence from two years earlier.

¶ 12     Our conclusion that defendant's sentence is void finds support in our supreme court's recent decision in *People v. White*, 2011 IL 109616. In *White*, the defendant pled guilty to first degree murder and possession of contraband in a penal institution in exchange for consecutive prison sentences of 28 and 4 years, respectively, and the factual basis for the plea established that a firearm was used in the commission of the murder offense. *White*, 2011 IL 109616, ¶¶ 4-6. The supreme court found that the 15-year mandatory sentencing

enhancement for committing first degree murder while armed with a firearm applied despite the trial court's belief that it did not. *White*, 2011 IL 109616, ¶ 11. The *White* court reiterated the axiom that a court cannot impose a sentence inconsistent with the governing statutes even where the parties and trial court agree to that sentence. *White*, 2011 IL 109616, ¶ 23. The supreme court thus held that the guilty plea entered into by the defendant was void, remanding the case to the trial court with directions to allow defendant to withdraw his plea. *White*, 2011 IL 109616, ¶ 31.

¶ 13    However, we agree with the State that, under the circumstances of this case, the appropriate remedy for defendant's void sentence is a remand for resentencing. While the sentence is void, the plea agreement taken as a whole is not void and defendant is not entitled to withdraw his plea.

¶ 14    Our supreme court has declared that plea agreements, and in particular agreements for fully negotiated pleas where the parties have agreed on the appropriate sentence, are generally governed by contract law. *People v. Absher*, 242 Ill. 2d 77, 90 (2011); *People v. Smith*, 406 Ill. App. 3d 879, 888-89 (2010). A plea agreement is between the State and the defendant, and the circuit court is not a party to the agreement. *Smith*, 406 Ill. App. 3d at 888-89. A defendant does not have an absolute right to withdraw his guilty plea and thus bears the burden of showing why withdrawal is necessary. *Smith*, 406 Ill. App. 3d at 885. While an illegal contract is generally void *ab initio*, a plea agreement is void when an essential part of the agreed exchange is unenforceable or illegal under the relevant statutes. *People v. Gregory*, 379 Ill. App. 3d 414, 419-20 (2008). Whether a void term or aspect of the sentence was essential is determined by its relative importance in light of the entire agreement. *Gregory*, 379 Ill. App. 3d at 420. We consider the essential terms of the plea agreement here to be the charges to which defendant pled guilty and the overall or total sentence of imprisonment for those offenses.

¶ 15    We acknowledge that in *White*, our supreme court remanded the defendant's void sentence to the circuit court with directions to allow the defendant to withdraw his guilty plea and proceed to trial. However, *White* is distinguishable from the instant case on the key issue of whether the plea agreement is void. The object of the agreement in *White*–that the defendant plead guilty to first degree murder and possession of contraband and received a total of 32 years' imprisonment–was contrary to statutory authority which mandated that he receive at least 35 years' imprisonment for the murder charge with the firearm enhancement. Had the supreme court remanded only the sentence, the circuit court would not have been able to impose the total number of years to which the defendant agreed. Under those circumstances, the *White* court concluded that the plea agreement itself was void.[1]

---

[1]The court's actual words were, "And, because defendant was not properly admonished, the entire plea agreement is void as well." *White*, 2011 IL 109616, ¶ 21. It appears the court was referring to the particular fact scenario before it; there is no indication that the supreme court intended to overrule or set aside its clear and repeated statements that improper admonishments do not render a plea agreement or the resulting judgment void. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 42 (2011); *In re J.T.*, 221 Ill. 2d 338, 346 (2006); *People v. Jones*, 213 Ill. 2d 498, 509 (2004).

¶ 16    The case cited by defendant for the proposition that resentencing is an inappropriate remedy, *People v. Johnson*, 338 Ill. App. 3d 213 (2003), is similarly distinguishable. The *Johnson* defendant pled guilty to a particular offense and received a sentence of probation when he was statutorily ineligible for probation. Thus, "defendant pled guilty to that crime upon the representation that he would receive probation. Because defendant was not eligible for probation, defendant and the State now necessarily lack agreement on the plea offer." *Johnson*, 338 Ill. App. 3d at 216. The agreed-upon sentence was not achievable under the applicable statutes so that the plea agreement was illegal. Under such circumstances, the only method "[t]o return the State and defendant to their positions prior to the trial court's erroneous imposition of probation," was to allow him to withdraw his plea. *Johnson*, 338 Ill. App. 3d at 216.

¶ 17    While this court in *People v. Hare*, 315 Ill. App. 3d 606 (2000), declined a defendant's request for "specific performance" or reformation of a plea agreement, the instant case is distinguishable. The agreement in *Hare* was to recommend a four-year prison sentence in the mistaken belief that it was the minimum sentence, when the actual minimum prison term was six years. *Hare*, 315 Ill. App. 3d at 607-08. The parties did not dispute that the sentence was void but joined issue on whether the plea agreement was therefore void; the defendant contended that the nature of the agreement was that the State recommend the minimum sentence, so that he should receive a six-year prison term under the agreement. *Hare*, 315 Ill. App. 3d at 609. However, the circuit court found after a hearing, and this court affirmed, that the nature or substance of the agreement was to recommend a four-year term, an illegal sentence and thus an unenforceable plea agreement. *Hare*, 315 Ill. App. 3d at 609-11.

¶ 18    By contrast, the plea agreement in the instant case, taken as a whole, is not contrary to statutory authority and thus not void. Defendant pled guilty to first degree murder, aggravated criminal sexual assault, and home invasion, and maintained that plea, ultimately in exchange for concurrent prison terms of 50, 30, and 30 years respectively; that is, in exchange for a total of 50 years' imprisonment. For the same three offenses, with the sentences to be served consecutively pursuant to section 5-8-4 as stated above, we find that defendant could properly receive a total of 50 years' imprisonment in light of the sentencing ranges of 20 to 60 years for first degree murder and 6 to 30 years for the other two offenses. 720 ILCS 5/12-11(c), 12-14(d)(1) (West 1998); 730 ILCS 5/5-8-1(a)(1)(a), (a)(3) (West 1998).

¶ 19    We conclude that the plea agreement here, taken as a whole, was not void even though the particular sentence imposed in implementation of that agreement was void. Defendant does not have the right to withdraw his plea, as this would be contrary to the State's right to the benefit of the parties' bargain. Instead, the appropriate remedy is to enforce the overall plea agreement consistent with the relevant statutes by vacating the void sentence and remanding for resentencing of the pled offenses to a total prison term, with mandatory consecutive sentencing, of 50 years.

¶ 20    Defendant further maintains, and the State correctly agrees, that the trial court erred upon resentencing when it entered sentence on count III of defendant's indictment, which was first degree murder based on home invasion, where his initial mittimus reflects that he pled guilty to count V, which was first degree murder based on aggravated criminal sexual assault involving Flowers and Sarah (No. 98 CR 11525). Thus, the mittimus issued upon

resentencing shall reflect that defendant was sentenced on count V, not count III.

¶ 21 Lastly, we note that defendant contended in his initial brief that his sentence is void because the circuit court lacked the authority to reduce his sentence without first vacating his plea. Defendant effectively abandoned this contention in his reply brief, not only by not referring to it but by making arguments in the reply brief utterly contrary to this contention. To the extent that the contention is still an active one, we reject it. Defendant filed a written motion to withdraw his plea, thus vesting the court with jurisdiction to consider the validity of his plea. Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) authorizes a court faced with a properly filed postplea motion to "modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew," with no distinction between motions to reduce sentence and to withdraw a plea. While defendant argues that he withdrew his motion and then the court allowed him to move orally to reduce his sentence, these events occurred within a single hearing mere moments apart. We see no reason to conclude, placing technicality over practicality, that this particular sequence of events deprived the court of jurisdiction to act in the manner requested by the parties in a properly held hearing.

¶ 22 For the foregoing reasons, we vacate the judgment of the circuit court and remand for the court to resentence defendant in accordance with both the plea agreement and the applicable statutes, with the new mittimus reflecting that defendant was sentenced on count V, not count III.

¶ 23 Vacated and remanded with directions.

¶ 24 JUSTICE QUINN, specially concurring:

¶ 25 I agree with the holding of the majority that the concurrent nature of the defendant's sentences was improper, and therefore, the sentences are void. I also agree with the majority that this does not make the plea void. I write separately because I am concerned that today's decision could be read to require courts to vacate pleas of guilty where a defendant files a section 2-1401 petition asserting that his sentence was void as his sentence did not comply with the required minimum years after entering a fully negotiated guilty plea.

¶ 26 One of the guiding principles determining section 2-1401 relief is that the petition invokes the equitable powers of the circuit court to prevent enforcement of a judgment when doing so would be unfair, unjust or unconscionable. *People v. Lawton*, 212 Ill. 2d 285, 297 (2004).

¶ 27 In the instant case, defendant filed a section 2-1401 petition for relief from judgment almost six years after withdrawing his motion to withdraw his plea in 2003 and receiving a reduced sentence of 50 years. The circuit court's order of July 17, 2009 dismissing the petition was clearly legally correct. The first time any court or the State was made aware that defendant was seeking to withdraw his pleas of guilty based on improper concurrent sentences was on September 30, 2010 when this issue was raised in defendant's appellate brief. This brief was filed more than nine years after defendant pled guilty in No. 98 CR 11527 and more than seven years after defendant was resentenced in No. 98 CR 11525.

¶ 28    In *People v. White*, 2011 IL 109616, the defendant raised the issue of improper concurrent sentences eight days after he pled guilty, when he timely filed his motion to withdraw his plea. Consequently, while the holding in *White* makes clear that the consecutive sentences imposed in the instant case must be vacated as void, *White* provides little support for allowing defendants who seek to withdraw their pleas of guilty years after entering into them under the equitable remedy available under section 2-1401.

¶ 29    Our supreme court has employed several methods to address void or voidable sentences. In *People v. Brown*, 225 Ill. 2d 188 (2007), the defendant was a juvenile charged with attempted first degree murder of a police officer. The defendant pled guilty and was sentenced to 28 years in prison. At the time of the plea, the trial court and the parties believed that defendant was subject to a sentencing range of 20 to 80 years. Shortly after defendant pled, the portion of Public Act 88-680 (effective January 1, 1995) that was commonly known as the Safe Neighborhoods Law (705 ILCS 405/5-4 (West 1996)) was determined to be unconstitutional. Consequently, defendant should only have been subject to a sentence of 15 to 60 years. As defendant's 28-year sentence was still within this latter range, the supreme court held that his sentence was not void, only voidable. The court held "while a sentence, or portion thereof, not authorized by statute is void (*People v. Thompson*, 209 Ill. 2d at 23), it is void only to the extent that it exceeds what the law permits. The legally authorized portion of the sentence remains valid. *In re T.E.*, 85 Ill. 2d 326, 333 (1981); see *People v. Patterson*, 276 Ill. App. 3d 107, 111 (1995)." *People v. Brown*, 225 Ill. 2d at 205.

¶ 30    In *People v. Thompson*, 209 Ill. 2d 19 (2004), the defendant was sentenced to an extended-term sentence for violating an order of protection. Addressing the State's argument that the defendant had waived his argument on appeal that his sentence was void, the supreme court disagreed, holding, "There is no jurisdictional impediment to the granting of relief *from the void portion* of the circuit court's sentencing order." (Emphasis added.) *People v. Thompson*, 209 Ill. 2d at 29. The court then vacated the extended-term portion of defendant's sentence and reduced his sentence to the maximum nonextended term of three years' imprisonment.

¶ 31    Recently, in *People v. Marshall*, 242 Ill. 2d 285 (2011), the court held that defendants cannot be required to supply DNA after a felony conviction when the defendant has previously provided DNA to the State's database. In rejecting the State's argument that the defendant had waived this argument on appeal, the court cited *People v. Arna*, 168 Ill. 2d 107, 133 (1995), for its holding that "a sentence which does not conform to a statutory requirement is void and a reviewing court has the authority *to correct it* at any time." (Emphasis added.) *People v. Marshall*, 242 Ill. 2d at 302.

¶ 32    In the instant case, it is the order of the trial court making the sentences to run concurrently which makes the sentences void. In keeping with the equitable nature of relief available under section 2-1401 and the principle that agreements in fully negotiated pleas where the parties have agreed on the appropriate sentence are generally governed by contract law (*People v. Absher*, 242 Ill. 2d 77, 90 (2011)), I do not believe that section 2-1401 provides a mechanism for defendants to attempt to withdraw their pleas based on a sentence they allege is below the minimum permissible by law. It makes perfect sense that section 2-1401 may be used as a shield to protect the rights of a defendant to attack the sentence if it

is above the maximum permissible. There is nothing unfair, unjust or unconscionable about receiving a sentence less than the permissible minimum.

¶ 33　　In the instant case, I agree with the majority's decision to direct the circuit court on remand to resentence the defendant to a legal sentence with a "cap" of his previously imposed sentence, 50 years, as this is a legal sentence. However, should a defendant attempt to utilize section 2-1401 to withdraw his plea of guilty based on a sentence which fails to meet the minimum sentence as required by statute, I believe that the circuit court or court of review could correct the erroneous portion of the sentence by increasing it to the minimum necessary to comply with the appropriate sentencing statutes. See *People v. Brown*, 225 Ill. 2d 188, 205 (2007); *People v. Thompson*, 209 Ill. 2d 19, 29 (2004); *People v. Marshall*, 242 Ill. 2d 285, 302 (2011).