# Illinois Official Reports

## Appellate Court

---

### *People v. Golen*, 2015 IL App (1st) 133433

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK GOLEN, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-3433 |
| Filed<br>Rehearing denied | March 20, 2015<br>April 27, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-3179; the Hon. Colleen Ann Hyland, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kieran M. Wiberg, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion. |

¶ 1 Defendant, Frank Golen, appeals from the trial court's resentencing order following this court's mandate remanding the cause for resentencing because we found defendant's initial concurrent sentence entered on a negotiated guilty plea was void. *People v. Golen*, 2012 IL App (1st) 102862-U. Defendant contends the trial court had authority to impose a sentence less than the aggregate initially imposed; therefore, the trial court erred by failing to order a presentence investigation report and his counsel was ineffective for failing to advocate for a lower sentence. In addition, defendant contends the trial court erred by failing to provide admonishments pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Based on the following, we affirm.

¶ 2                                                         FACTS

¶ 3 Defendant was charged by indictment with multiple counts of first degree murder, armed robbery, and possession of a stolen motor vehicle in connection with the December 27, 2004, murder of the 70-year-old victim, wherein the victim was bludgeoned to death and had his wallet, keys, and car stolen. On December 20, 2005, defendant entered a negotiated plea of guilty to first degree murder and armed robbery. Prior to sentencing, defendant waived his right to a presentence investigation report both verbally and in writing. He was sentenced to concurrent terms of 45 years' imprisonment on the murder charge and 25 years' imprisonment on the armed robbery charge. The trial court admonished defendant of his appeal rights, including the need to first file a motion to withdraw his guilty plea and the right to assistance of counsel in the preparation of that motion. Defendant did not file a motion to withdraw his guilty plea.

¶ 4 On September 29, 2008, defendant filed a *pro se* postconviction petition alleging that he was denied effective assistance of counsel because trial counsel failed to seek a fitness hearing despite knowing defendant was taking psychotropic medication. The petition was docketed and defendant was appointed counsel. Postconviction counsel filed a supplemental petition alleging trial counsel was ineffective for failing to investigate and adequately consult with defendant, for misinforming and misleading defendant concerning the agreed sentence, and for coercing him into pleading. Postconviction counsel additionally alleged defendant's plea was not voluntary and knowing. Postconviction counsel maintained defendant's plea should be vacated and the charges reset for a new trial. The State filed a motion to dismiss defendant's postconviction petition. Following a hearing, the trial court granted the State's motion to dismiss. Defendant appealed.

¶ 5 On appeal, defendant argued that the trial court erred in dismissing his postconviction petition where he made a substantial showing that his trial counsel was ineffective and that his guilty plea was not voluntary and knowing. In addition, defendant argued, for the first time, that his concurrent sentences were void because the relevant sentencing statute (730 ILCS 5/5-8-4(a)(i) (West 2004)) required the imposition of consecutive sentences. On August 7, 2012, in an unpublished order, this court affirmed the trial court's finding that defendant failed to substantially show his trial counsel was ineffective and his guilty plea was not knowing and voluntary. *People v. Golen*, 2012 IL App (1st) 102862-U, ¶ 33. With regard to the argument that defendant's sentence was void, this court agreed, relying on *People v. Donelson*, 2011 IL App (1st) 092594, *aff'd*, 2013 IL 113603. This court explicitly found that defendant's plea

agreement was enforceable because he pleaded guilty in exchange for a total of 45 years' imprisonment and, given the sentencing ranges for murder and armed robbery, namely, 20 to 60 years and 6 to 30 years, respectively, he could be sentenced properly to consecutive terms totaling 45 years' imprisonment consistent with section 5-8-4(a)(i) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(a)(i) (West 2004)). *Golen*, 2012 IL App (1st) 102862-U, ¶ 25. This court provided that "we find that the appropriate remedy is to enforce the overall plea agreement consistent with the relevant statute by vacating the void sentence and remanding for resentencing to a total prison term, with mandatory consecutive sentencing, of not more than 45 years." *Id.*

¶ 6 On remand, the trial court stated that this court issued a mandate wherein defendant's sentence was vacated and the trial court was to resentence defendant "in order to impose consecutive sentences with an aggregate cap of 45 years' imprisonment." Defendant's attorney and the State were provided time to confer off the record. When the proceeding resumed on the record, the trial court asked whether the State and defense had "a disposition that pursuant to [the] mandate that you are agreeing to." The State responded, "the armed robbery with a Class X would carry a minimum of 6 years. To reach the aggregate sentence, the sentence on the murder would have to be 39 years to reach the 45." Defense counsel responded, "That's correct, Your Honor." The trial court then stated the following:

> "Mr. Golen, pursuant to the mandate of the Appellate Court you are re-sentenced to 39 years in the Illinois Department of Corrections on the First Degree Murder Charge which is Count [II]. You'll receive a credit of 3,198 days towards that sentence. The sentence you receive on Count [II] must be served at a calculable rate of a hundred percent. And this sentence will run consecutive to the sentence that you received on Count [VII], the Armed Robbery Charge, in which you will be re-sentenced to six years in the Illinois Department of Corrections. And that sentence is served at an 85 percent calculable rate.
>
> ***
>
> And, obviously, you have the right to appeal this re-sentencing. If you choose to do so, you must do so within 30 days of today's date. You must file a written motion setting forth all grounds why you wish to have your sentence reconsidered, and anything you fail or forget to put in that motion would be waived or given up for all times.
>
> If that motion were denied, you would have 30 days from the date of denial to file any notice of appeal. And if you choose not to file a motion to reconsider the sentence, you have 30 days from today's date to file your notice of appeal."

¶ 7 Defendant did not file any postsentencing motions in the trial court. This appeal followed.

¶ 8                                ANALYSIS

¶ 9 The issues presented in this case involve questions of law, which we review *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004).

¶ 10                    I. Scope of Remand for Resentencing

¶ 11 Defendant contends this court's August 7, 2012, mandate ordering his resentencing on remand gave the trial court the authority to resentence him to a term of less than 45 years'

imprisonment. As a result, defendant contends the trial court was required to order a presence investigation report pursuant to section 5-3-1of the Code (730 ILCS 5/5-3-1 (West 2004)). Defendant maintains the trial court's failure to do so was error. Defendant additionally contends that his resentencing counsel was ineffective where counsel agreed with the State that a total term of 45 years' imprisonment was necessary instead of advocating for a sentence of less than 45 years.

¶ 12    In order to address defendant's contentions, we first turn to the express language of this court's mandate, which established the purpose and scope of the proceedings on remand. This court's August 7, 2012, order provided, "we find that the appropriate remedy is to enforce the overall plea agreement consistent with the relevant statute by vacating the void sentence and remanding for resentencing to a total prison term, with mandatory consecutive sentencing, of not more than 45 years. *Donelson*, [2011 IL App (1st) 092594, ¶¶ 15, 18-19." *Golen*, 2012 IL App (1st) 102862-U, ¶ 25. Later in the order, this court concluded, "[b]ased on the foregoing, we vacate defendant's sentences and remand to the trial court for resentencing to impose consecutive sentences with an aggregate cap of 45 years' imprisonment and affirm the judgment in all other respects." *Id*. ¶ 34.

¶ 13    Defendant's contentions rely on the faulty premise that the trial court was authorized to impose a sentence of less than 45 years. We recognize that the State agreed with this premise in its appellate brief; however, we find the language of the mandate does not support the parties' belief. This court's mandate instructed the trial court to sentence defendant to "not more than" and "an aggregate cap of" 45 years; the mandate did not state that defendant's sentence can be less than 45 years. "The trial court has no authority to act beyond the dictates of the mandate." *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 309 (1981); *People ex rel. Daley v. Schreier*, 92 Ill. 2d 271, 276 (1982) ("a trial court must obey the clear and unambiguous directions in a mandate issued by a reviewing court"). In fact, a sentence of less than 45 years would violate an essential term of the parties' negotiated plea agreement and would prevent the State from receiving the benefit of its bargain.

¶ 14    The supreme court has stated that a plea agreement is commensurate to an enforceable contract and contract law principles may be applied in appropriate circumstances. *Donelson*, 2013 IL 113603, ¶ 18. The supreme court advised:

"Where a plea rests in any significant degree upon a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration for the plea, that feature of the agreement must be fulfilled. [Citation.] The principal inquiry, in that respect, is whether the defendant has received the benefit of his bargain. [Citation.] Though rarely emphasized in this court's jurisprudence, the other half of the contractual equation is the benefit of the bargain accruing to the State, a consideration that looms larger as the temporal gap between the commission of the offenses and attempts to withdraw the guilty plea widens." *Id*. ¶ 19.

¶ 15    Here, similar to the circumstances in *Donelson*, defendant and the State mistakenly agreed to a plea that included concurrent prison terms. However, where the parties were in agreement and their true intent is discernible, contract principles provide that the "parties' mutual mistake may be rectified by recourse to contract reformation." *Id*. ¶ 20. There is no dispute that the parties were in agreement that defendant would plead guilty to first degree murder and armed robbery in exchange for concurrent terms of 45 years' imprisonment on the murder charge and 25 years' imprisonment on the armed robbery charge. Therefore, the parties' intent was that

defendant would serve no more than 45 years. In line with *Donelson*, this court remanded for resentencing in accordance with the plea agreement and applicable statutes. The supreme court has since applied *Donelson* to a similar procedural situation in *People v. Taylor*, 2015 IL 117267, ¶¶ 26-27. In so doing, the supreme court concluded that the defendant's sentence could be "reconfigured" to comply with the applicable statutes while also providing both the defendant and the State with the benefits of their bargains. *Id.* ¶ 27; see also *Donelson*, 2013 IL 113603, ¶ 27 ("defendant's sentence can be reconfigured, consistently with statutory mandates, in such a way as to give him the benefit of his bargain"). Based on the supreme court's direction to "reconfigure" a sentence under circumstances such as those presented in the case before us, we conclude that the trial court had no discretion to depart from the terms of the parties' contract and could not impose an aggregate sentence of less than 45 years' imprisonment.

¶ 16 We recognize that this court's August 7, 2012, mandate differed from *Donelson* in the exact language provided, namely, here, this court instructed the trial court to resentence defendant to "not more than" or "an aggregate cap of" 45 years' imprisonment, while the *Donelson* mandate instructed the trial court to resentence the defendant "to a total prison term, with mandatory consecutive sentencing, of 50 years" (*Donelson*, 2011 IL App (1st) 092594, ¶ 19). However, contrary to the parties' interpretation of the mandate in this case, this court's language likely was intended to insist that the trial court not impose any additional "punishment" upon defendant as a result of the remand. Nevertheless, as discussed, contract principles dictate that the trial court was required to honor and enforce the terms of the parties' agreement and "reconfigure" defendant's sentence in compliance with the applicable statutes to reach a total of 45 years' imprisonment.

¶ 17 A. Failure to Order a Presentence Investigation Report

¶ 18 Because the trial court lacked the authority to impose a sentence other than that agreed upon by the parties in compliance with the applicable statutes, we conclude that a presentence investigation report was not required.

¶ 19 Section 5-3-1 of the Code provides:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, other than for felony sex offenders being considered for probation, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." 730 ILCS 5/5-3-1 (West 2004).

"[T]he purpose of the requirement of a presentence investigation report is to insure that the trial judge will have all necessary information concerning the defendant before sentence is imposed ***." *People v. Youngbey*, 82 Ill. 2d 556, 564 (1980).

¶ 20 While the written presentence investigation report requirement also applies during resentencing (*People v. Harris*, 105 Ill. 2d 290, 299 (1985)), the unique set of circumstances presented here did not require a presentence investigation report. Unlike the defendant in *Harris*, who was subject to resentencing as a result of a probation revocation proceeding and

was, therefore, subject to the trial court's discretion in conjunction with the applicable statutes, here defendant was not subject to the trial court's discretion. In fact, pursuant to the dictates of this court's mandate, the trial court had no authority to impose a sentence other than a total of 45 years' imprisonment, as had been agreed to by the parties. *PSL Realty Co.*, 86 Ill. 2d at 309 ("[t]he trial court has no authority to act beyond the dictates of the mandate"). As a result, the purpose for a presentence investigation report did not have application where it was unnecessary for the trial court to have knowledge of defendant's background.

¶ 21                                    B. Ineffective Assistance of Counsel

¶ 22    Defendant next contends his resentencing counsel was ineffective for agreeing with the State that a total term of 45 years' imprisonment was necessary instead of advocating for a sentence of less than 45 years. Defendant argues that his counsel "failed to deliver even minimally effective representation." The State responds that defendant received effective assistance of counsel where he was prohibited from seeking a reduction in his negotiated sentence while holding the State to its part of the negotiated plea agreement.

¶ 23    To present a successful claim of ineffective assistance of counsel, a defendant must allege facts demonstrating that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome, *i.e.*, that the defense counsel's deficient performance rendered the result unreliable or the proceeding fundamentally unfair. *Id.* at 694. A defendant must satisfy both prongs of the *Strickland* test to establish ineffective assistance. *People v. Albanese*, 104 Ill. 2d 504, 525 (1984).

¶ 24    Again, this court's mandate expressly provided that defendant's negotiated guilty plea was enforceable. The terms of the plea, as negotiated by both parties, were that defendant was to receive a total of 45 years' imprisonment. We, therefore, conclude that defense counsel had no authority to suggest a sentence that varied from the terms of the parties' negotiated guilty plea. As a result, defendant cannot sustain a claim for ineffective assistance of counsel where counsel's performance at the resentencing hearing did not fall below an objective standard of reasonableness. See *Strickland*, 466 U.S. at 687-88; *Albanese*, 104 Ill. 2d at 527.

¶ 25                                            II. Admonishments

¶ 26    Defendant additionally contends the trial court erred in failing to provide Rule 605(c) admonishments, instead providing partial admonishments applicable to non-negotiated guilty pleas pursuant to Rule 605(b).

¶ 27    In response, the State contends Rule 605(c) had no application in this situation "where the trial court is merely tasked with recalculating the defendant's sentence and lacks the authority to alter the guilty plea." According to the State, the trial court was prohibited from granting defendant the means to file a motion to withdraw his guilty plea as provided by Rule 605(c) because of this court's mandate and the law of the case doctrine. The State further argues defendant waived this contention by failing to file a motion to reconsider his sentence. Notwithstanding, the State maintains defendant's contention is moot where the trial court issued Rule 605(b) admonishments and defendant filed the instant appeal.

¶ 28    We first turn to the parties' dispute over the appropriate set of admonishments, namely, whether Rule 605(b) or Rule 605(c) applied. There is no question that the State bound itself to a specific sentence of 45 years' imprisonment; therefore, defendant's guilty plea was negotiated. See *People v. Diaz*, 192 Ill. 2d 211, 225 (2000) (if a plea agreement "limits or forecloses the State from arguing for a sentence from the full range of penalties available under law" it is a negotiated plea). Rule 605(c) provides:

> "In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
>    (1) that the defendant has a right to appeal;
>
>    (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
>    (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
>    (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
>
>    (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and
>
>    (6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.
>
>    For purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

In comparison, Rule 605(b) provides:

> "In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
>    (1) that the defendant has a right to appeal;
>
>    (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
>    (3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
>    (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.

For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001).

¶ 29 Based on the unique facts of this case, we conclude that, upon resentencing, defendant was not entitled to Rule 605(c) admonishments. There is no dispute that defendant received Rule 605(c) admonishments when he was sentenced initially. Moreover, there is no dispute that the purpose of remand was to resentence defendant in compliance with the applicable statutes. As we previously determined, the matter was remanded to "reconfigure" defendant's sentence from a concurrent term of 45 years' imprisonment to a consecutive term of 45 years' imprisonment. Our mandate expressly maintained the integrity of the parties' plea agreement. *Golen*, 2012 IL App (1st) 102862-U, ¶ 25 ("we find that the appropriate remedy is to enforce the overall plea agreement consistent with the relevant statute by vacating the void sentence and remanding for resentencing to a total prison term, with mandatory consecutive sentencing, of not more than 45 years"). It was the trial court's duty to comply with our mandate; therefore, defendant had no right to withdraw his guilty plea. See *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 309 (1981) ("[t]he trial court has no authority to act beyond the dictates of the mandate"). As a result, Rule 605(c) admonishments were not applicable.

¶ 30 We note that defendant never filed a motion to withdraw his guilty plea, as was his right, within 30 days of first having entered the plea. However, in his postconviction petition, defendant alleged that his counsel was ineffective for failing to seek a fitness hearing and that his plea was not voluntary and knowing. Defendant, therefore, essentially sought the withdrawal of his guilty plea on postconviction review. Following second-stage review, the trial court granted the State's motion to dismiss defendant's postconviction petition and, on appeal, we found, *inter alia*, defendant failed to make a substantial showing that his guilty plea was not voluntary and knowing. *Golen*, 2012 IL App (1st) 102862-U, ¶ 33. Accordingly, defendant's guilty plea was considered valid and enforceable. This court's finding is the law of the case. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006) ("Generally, the law of the case doctrine bars relitigation of an issue previously decided in the same case. [Citation.] Thus, 'the determination of a question of law by the Appellate Court on the first appeal may, as a general rule, be binding upon it on the second appeal.' [Citations.]"). Simply stated, defendant had no right to withdraw his guilty plea and, therefore, was not entitled to Rule 605(c) admonishments at resentencing.

¶ 31 Although we conclude defendant was not entitled to Rule 605(c) admonishments, we find defendant was entitled to some form of admonishments related to his resentence. Here, after resentencing defendant, the trial court provided the following admonishments:

"And, obviously, you have the right to appeal this re-sentencing. If you choose to do so, you must do so within 30 days of today's date. You must file a written motion

- 8 -

setting forth all grounds why you wish to have your sentence reconsidered, and anything you fail or forget to put in that motion would be waived or given up for all times [*sic*].

If that motion were denied, you would have 30 days from the date of denial to file any notice of appeal. And if you choose not to file a motion to reconsider the sentence, you have 30 days from today's date to file your notice of appeal."

The trial court's admonishments following the imposition of defendant's resentence did not expressly comply with any subsection of Rule 605; however, none of the subsections of Rule 605 squarely fit the facts of this case. The rules, as written, do not apply to the circumstances of defendant's resentence and the supreme court has not considered a similar set of facts since its finding in *Donelson*. That said, the facts of this case lead us to conclude that defendant was admonished with his rights relative to the procedural posture of his case: defendant was advised that he had the right to challenge his new sentence; that any motion must include all of the grounds for the challenge to avoid waiver; that he had 30 days to do so; and that, if he chose not to file a motion challenging the new sentence, he could appeal within 30 days.

¶ 32    We are bothered that the trial court failed to advise defendant that he had the right to the assistance of counsel to prepare a challenge to his new sentence. However, we find that defendant was not prejudiced by the incomplete admonishments. Defendant has never expressly challenged his new sentence nor suggested any additional issues he would have raised had he been admonished of his right to assistance of counsel. See *People v. Lambert*, 364 Ill. App. 3d 488, 494 (2006) (finding the defendant was not prejudiced by incomplete Rule 605(a) admonishments). To the extent he avoided forfeiture as a result of his failure to file a motion to reconsider his new sentence by raising the previously discussed ineffective assistance of counsel claim, we have concluded that the trial court was required to comply with this court's mandate and "reconfigure" defendant's prior sentence to represent a total of 45 years' imprisonment in compliance with the relevant statutes. Accordingly, defendant had no basis upon which to present a challenge to the actual terms of imprisonment. The mandate dictated that the terms of the parties' negotiated plea remain in force to the extent allowable by statute.

¶ 33    Moreover, defendant does not challenge the manner in which his sentence was "reconfigured," *i.e.*, that either his murder or armed robbery sentences failed to comply with the applicable sentencing ranges, the accuracy of his mittimus, his detention credit, nor any other ministerial matter. These types of ministerial issues were the only matters that defendant had the ability to challenge when, as we stated, the actual sentence was agreed upon and could not be altered by the trial court pursuant to the terms of the parties' negotiated agreement. Accordingly, defendant has not raised any viable challenges to his new sentence. Since defendant did file an appeal but did not raise any viable challenges to his sentence on appeal, his ability to raise a sentencing issue was not compromised by the actions of the trial court on resentencing. See *People v. Garner*, 347 Ill. App. 3d 578, 586 (2004) (citing *People v. Williams*, 344 Ill. App. 3d 334, 339 (2003)). We recognize that this court has remanded causes for substantial compliance with Rule 605(b) and (c); however, the issue in those cases was whether the defendant's failure to file a postplea motion could be excused where the trial court failed to provide sufficient admonishments. *People v. Foster*, 171 Ill. 2d 469, 473-74 (1996); *People v. Lloyd*, 338 Ill. App. 3d 379, 384-86 (2003); *People v. Gougisha*, 347 Ill. App. 3d 158, 162-63 (2004). We, however, find the facts of the case before us to be more similar to

*Garner* and *Williams* where defendant did not raise any issues that he was precluded from raising as a result of the trial court's incomplete admonishments. We, therefore, conclude that, in light of the unique circumstances of defendant's resentence, defendant was not denied real justice or prejudiced as a result of the trial court's incomplete admonishments.

¶ 34                                    CONCLUSION

¶ 35        In sum, due to the limited mandate provided by this court in which the trial court was directed to enforce defendant's negotiated guilty plea and resentence him to a prison term in compliance with that plea, the applicable statutes, and *Donelson*, we conclude that: (1) the trial court was not required to obtain a presentence investigation report prior to imposing its resentence; (2) defendant failed to demonstrate counsel was ineffective by agreeing to the new sentence; and (3) defendant was not entitled to Rule 605(c) admonishments.

¶ 36        Affirmed.